GEORGE L. HILTL CO., INC., Plaintiff, *v.* MARCUS BISHOFF, Defendant.

Supreme Court, Kings Special Term, November, 1922.

**Mechanic's liens — foreclosure — building contract — waiver of right to arbitration.**

Where in an action to foreclose a mechanic's lien the answer sets up a counter-claim, a motion to compel plaintiff to name his arbitrator pursuant to a provision of the building contract will be denied on the ground that defendant had waived his right to arbitration, and had elected the tribunal for the trial of the differences between the parties arising under the contract.

APPLICATION to compel plaintiff to arbitrate.

*Mork & McKiniry,* for plaintiff.

*Franklin Bien,* for defendant.

LEWIS, J.   This is an application that the court make an order directing the plaintiff to name his arbitrator pursuant to the provision of the contract providing that differences arising under the contract in the performance of the work shall be submitted to arbitration at the choice of either of the parties.

The contract provides, " the demand for arbitration shall be filed in writing with the architect."

No time for the service of the demand is fixed.   It must be assumed, therefore, that the demand be made within a reasonable time.   The work was completed in August, 1922.   The mechanic's lien was filed and served on September 19, 1922.   An action was thereafter instituted and an answer served by the moving defendant setting forth a counterclaim and the case was noticed for trial and is now on the Special Term calendar.

After all these proceedings have been had, application is made to the court to compel the plaintiff to name his arbitrator, and that on default the court designate one.

One of the objects of the Arbitration Law undoubtedly was to prevent and not to encourage delay.   The defendant by the service of his answer and the assertion of his counterclaim has waived his right to arbitration under the agreement and has elected the tribunal and the method by which the action may be tried.

Motion denied.

Ordered accordingly.