In the Matter of the Application of HARRIS ZIMMERMAN, Appellant, for an Order Directing an Arbitration between Himself and JOSEPH ROSENBERG and Another, Doing Business as CENTRAL HAT WORKS, Respondents.

First Department, February 9, 1923.

Arbitration — right to proceed with arbitration under agreement is absolute any time before trial of action involving same issues — Arbitration Law, §§ 2, 3 and 5, applied — order compelling arbitration and staying proceedings in action involving same issues granted.

The right to proceed with an arbitration provided for by an agreement between the parties is absolute under sections 2, 3 and 5 of the Arbitration Law down to the time of the trial of an action between the parties involving the same issues, and no laches or apparent election of other remedies will defeat the right.

Accordingly, where an arbitration agreement was entered into by the parties to a contract of sale, which was not acknowledged, proved and certified under section 2366 of the Code of Civil Procedure (now Civ. Prac. Act, § 1449), the defendant in an action thereon to recover damages for a breach of contract, has the absolute right to arbitration under the agreement, though he did not demand the same for two years after the bringing of the action, did not claim any right to arbitration in his answer in the action, and prior to his demand had had the advantage of obtaining testimony by a commission executed in a foreign country, and did not demand arbitration until the case was on the day calendar.

An order compelling arbitration and staying proceedings in the action involving the same issues pending the arbitration should be granted.

APPEAL by the petitioner, Harris Zimmerman, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 28th day

of December, 1922, denying petitioner's motion for an order compelling an arbitration and staying proceedings in an action pending such arbitration.

*Moses Altmann* of counsel [*Israel F. Vogel* with him on the brief], for the appellant.

*Steinberg & Levin* [*Joseph Steinberg* of counsel], for the respondents.

DOWLING, J.:

The respondents herein brought an action in the Supreme Court, New York county, on the 3d day of September, 1920, against the appellant for damages sustained by them by reason of appellant's failure to deliver certain straw braid piping pursuant to an agreement in writing made on August 14, 1919, for the sale thereof by the appellant to the respondents.

Under said contract the appellant agreed to sell and the respondents agreed to purchase one hundred cases of a straw braid known as piping, which merchandise was to be shipped from China during the months of September, October and November, 1919. The contract provided: " This contract is contingent upon strikes, floods, riots, war, rebellion and all other contingencies unavoidable or beyond our control," and there was a further provision to the effect that "Any differences arising between the parties to this contract shall be settled by arbitration in New York, unless otherwise specified herein, each party appointing one arbitrator, and in the event of arbitrators not being able to agree, an umpire to be appointed by them in the usual manner. Both parties hereby bind themselves to abide by the decision of the arbitrators and to renounce all right to take legal measure, except to enforce the award."

The contract was not acknowledged or proved, and certified, as prescribed by section 2366 of the Code of Civil Procedure, which requirement has been since revised by section 1449 of the Civil Practice Act (as renum. from § 1411 by Laws of 1921, chap. 199). (See Arbitration Law, § 8, as amd. by Laws of 1921, chap. 14.)

The action having been commenced on September 3, 1920, the appellant herein (defendant therein) on September twenty-third interposed an answer containing a counterclaim wherein he denied the material allegations of the complaint and set up as a separate defense that owing to an outbreak of cholera epidemic in certain sections of China whereat the straw braid piping referred to in the contract was manufactured, a suspension of work in the factories in those districts occurred causing a resultant shortage and curtailment in the production and manufacture of straw braid piping which was the subject-matter of the contract.

Issue was joined by service of the respondents' reply to said

counterclaim on the 8th day of October, 1920. The action was noticed for trial for the December term, 1920, and defendant served a cross notice of trial for said term. The action is now on the day calendar of the Supreme Court, bearing calendar No. 4671. On the 16th day of October, 1922, the appellant moved this court for an order directing the issuance of a commission to take the testimony of certain witnesses in China to substantiate his affirmative defense and counterclaim, and the said commission was issued.

On November 24, 1922, appellant caused a letter to be sent to respondents demanding the arbitration of the existing differences pursuant to the agreement between the parties hereto, and when respondents refused to comply with such demand, appellant made the motion in question on December 2, 1922.

No explanation whatever is offered by appellant of his delay of over two years in claiming the right to an arbitration under the contract. He stands upon the proposition that the right to arbitration is absolute and that the provisions of the Arbitration Law relating to arbitration and proceedings to compel it and for a stay (§§ 3, 5) are mandatory.

If any discretion resided in the court to deny this application, it should be exercised. For the appellant not only waited two years after the bringing of the action against him before asserting his right to an arbitration, but his answer did not set up such right, nor in any way refer to the agreement to arbitrate by way of defense or otherwise. Further, he has had the advantage of obtaining testimony by a commission executed in China, when this court has held that no commission can be issued in a common-law arbitration. (*Matter of Interocean Mercantile Corporation* (204 App. Div. 284). Moreover, one of the purposes of encouraging arbitration was to minimize delay in the decision of commercial disputes, such as are presented herein, and it adds to the delay in litigation to permit one party to an arbitration agreement to answer in a suit brought upon the main issue, to wait for several years until the case is about to be reached for trial, and then to come into court and ask to have the agreement to arbitrate enforced.

But in view of the language and clear intent of the Arbitration Law, we are of the opinion that the appellant's right to have the arbitration proceed is absolute, despite his laches and his apparent election to have his rights determined by the court.

Section 3 of the Arbitration Law provides that "A party aggrieved by the failure, neglect or refusal of another to perform under a contract or submission providing for arbitration * * * may petition the Supreme Court, or a judge thereof, for an order

directing that such arbitration proceed in the manner provided for in such contract or submission. * * * The court, or a judge thereof, shall hear the parties, and upon being satisfied that the making of the contract or submission or the failure to comply therewith is not in issue, the court, or the judge thereof, hearing such application, shall make an order directing the parties to proceed to arbitration in accordance with the terms of the contract or submission."

Section 2 of said statute (as amd. by Laws of 1921, chap. 14) provides that the agreement of arbitration shall be "valid, enforcible and irrevocable, save upon such grounds as exist at law or in equity for the revocation of any contract."

In the present case the making of the agreement of arbitration and the failure to proceed therewith are not denied, nor are any grounds assigned why the agreement might be revoked at law or in equity.

Section 5 of the same law provides: "If any suit or proceeding be brought upon any issue otherwise referable to arbitration under a contract or submission described in section two, the Supreme Court, or a judge thereof, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under a contract containing a provision for arbitration or under a submission described in section two, shall stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement."

From these provisions it would appear that the right to proceed with an arbitration provided for by agreement is absolute down to the time of the trial, and no laches or apparent election of other remedies will defeat the right.

The validity of the Arbitration Law having been upheld (*Matter of Berkovitz* v. *Arbib & Houlberg*, 230 N. Y. 261), its provisions must be enforced.

The precise point involved herein has not heretofore come before this court for decision. For in *Kenvin & Glass Co., Inc.*, v. *Huyler's* (202 App. Div. 739), wherein this court affirmed without opinion an order directing that an arbitration proceed, after issue joined, the defendant, by way of separate defense in the action brought against him, set up the existence of an arbitration agreement between the parties, plaintiff's refusal to submit thereto, and defendant's election to proceed with the arbitration. Thus the defendant in that case, who made the motion that the arbitration proceed, had never signified its willingness to have the issues decided in the action, but asserted its desire and right that they be decided by arbitration, as the parties had contracted to do.

Respondents rely upon the case of *Hiltl Co., Inc.,* v. *Bishoff* (119 Misc. Rep. 572) wherein it was held at Kings Special Term that a defendant in an action by service of his answer and the assertion of a counterclaim had waived his right to arbitration under the agreement, and had elected the tribunal and the method by which the action might be tried; but that order has been reversed by the Appellate Division, Second Department (205 App. Div. 856), which granted the application, on the grounds that there could be no waiver of arbitration before trial by the interposition of an answer.

It follows, therefore, that the order appealed from should be reversed, with ten dollars costs and disbursements, and the motion granted, without costs.

CLARKE, P. J., PAGE, MERRELL and McAVOY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, without costs.