### CHASKIN v. MACKAY et al.

(Supreme Court, Appellate Division, First Department. January 8, 1909.)

DEPOSITIONS (§ 41*)—OPEN COMMISSION.

> Where defendants, in an action to rescind the sale of bonds, applied for an open commission to take the depositions of witnesses, and it appeared that plaintiff and his bond secretary were the only material witnesses known to defendants, an order granting an open commission to examine unnamed witnesses, without limitation as to numbers or as to time and territory, excepting that they were to be taken within five months in France, was unwarranted, and should have been restricted to the examination of plaintiff and his secretary on oral interrogatories in the city of Paris, with a condition requiring the payment of a suitable sum by defendants to plaintiff's attorneys as indemnity against expenses incurred by plaintiff in the execution of the commission; the amount to be retained for such expenses to be determined by the court after its execution.

> [Ed. Note.—For other cases, see Depositions, Cent. Dig. § 62; Dec. Dig. § 41.*]

Appeal from Special Term, New York County.

Action by Ivan Chaskin against Donald Mackay and others. From an order made on defendants' application granting an open commission to take the depositions of witnesses produced by defendants in the republic of France, plaintiff appeals. Modified and affirmed.

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

John S. Wise, Jr. (William J. Maham, on the brief), for appellant. John S. Shepard, Jr., for respondents.

LAUGHLIN, J. The facts neither require nor warrant an order so broad and unrestricted as that which has been granted.

In the fall of 1905, the plaintiff claims to have purchased of the defendants 100 bonds of the Randolph Macon Coal Company, a corporation organized under the laws of Missouri, of the par value of $1,000 each, and he brings this action to recover the sum of $94,475, the purchase price paid, together with interest thereon, less certain interest received, on the ground that he was induced to purchase them by fraud, and that upon discovering the fraud he rescinded the contract and tendered back the bonds. The defendants conducted business as bankers and brokers and bought and sold investment securities in the city of New York under the firm name of Mackay & Co., and plaintiff conducted a similar business individually in the city

of Paris. The defendants allege in their answer, as separate defenses, among other things, that plaintiff did not purchase the bonds for himself, but merely as agent for his customers, and also that, if he did purchase them for himself, he sold them without loss before the commencement of the action. The theory of the defense evidently is that, as plaintiff was not the purchaser or the real party in interest, he could not rescind the contract. The defendants claim that plaintiff represented to them that he was acting for others, but did not disclose the names of his principals, and the ground upon which they applied for an open commission is that they must first examine the plaintiff to ascertain the names of his principals or customers and then examine them. The plaintiff met the application with his own affidavit and that of one Louis Albert Landry, his bond secretary, tending to show that the bonds were purchased for himself, and not for customers, and that he did not sell them.

The plaintiff and his bond secretary are doubtless material witnesses on these issues, but no other material witness now in France is known to defendants nor shown to exist. The defendants therefore made a proper case for the issuance of a commission to take the testimony of the plaintiff, and the opposing affidavits show that the testimony of Landry may also be material to the defense. It is manifest that defendants should not be confined to a commission on written interrogatories, but should be permitted to examine plaintiff and his bond secretary, who presumably will be a reluctant, if not a hostile, witness on oral interrogatories. Their testimony may show that plaintiff was acting for himself, and that there was no undisclosed principal, and that there is no other material foreign witness; but should their examination show, or should it be made to appear on a new application, that there are others whose testimony upon these issues is material, the defendants may obtain another commission to examine such witnesses on written or oral interrogatories. as may seem necessary for the purpose of eliciting the facts. An open commission to examine unnamed witnesses on oral interrogatories, without limitation of time excepting the period of five months, without limitation as to territory excepting the republic of France, without limitation as to numbers, and for the purpose of discovering who were plaintiff's customers and whether he purchased any of the bonds in question for them, or whether they purchased them from him as is authorized by the order now under review, is without precedent and is unwarranted. The order provides that it shall not be deemed effective unless the defendants shall pay to the attorneys for plaintiff the sum of $600 as indemnity for reasonable expenses and counsel fee earned or incurred by them in attending the taking of the depositions; the court reserving the right to direct the repayment of the whole or any part of said amount not shown to have been fairly or reasonably necessary for the purposes intended. If the amount directed to be paid should not be required in consequence of the change in the character of the commission, the court can direct the repayment of the amount in excess of that necessary to protect the rights of the defendants in the execution under the commission.

It follows that the order should be modified by granting a commission to take the deposition of plaintiff and of Landry on oral interrogatories in the city of Paris, on condition that defendants pay to plaintiff's attorneys the sum of $600 as indemnity against the reasonable and necessary expenses incurred by plaintiff for counsel fees with respect to the execution of such commission, the amount to be retained for such expenses to be determined by the court after the execution of the commission, and, as so modified; affirmed, without costs. All concur.

