Matter of the Arbitration Claim of A. O. ANDERSEN TRADING COMPANY, LTD., Plaintiff, *v.* H. BRIMBERG, Defendant.

Supreme Court, New York Special Term, December, 1922.

**Arbitration — testimony need not be transcribed — award cannot be set aside for errors of judgment.**

An award of an arbitrator cannot be set aside for mere errors of judgment either as to the law or as to the facts, and there is no rule which requires the testimony in the proceeding to be taken down and transcribed.

Where the fairness and honesty of an arbitrator have not been attacked his refusal to have a stenographic record taken in order that a party might review rulings on the testimony and points of law is not misbehavior by which the rights of a party have been prejudiced. Award confirmed.

CROSS-MOTIONS to confirm and reject an award of arbitrators.

*Duncan & Mount* (*William B. Mendes*, of counsel), for plaintiff.

*Reit & Kaminsky* (*Hyman J. Reit*, of counsel), for defendant.

MARSH, J. In an arbitration proceeding cross-motions are now made respectively to confirm and to reject the award of the arbitrator. Both motions involve the same points. The defendant objects to the award on the ground that the arbitrator admitted hearsay and otherwise incompetent testimony, misconstrued the agreement out of which the controversy arose and applied the wrong measure of damages. These matters, however, are not open for consideration at this time, as the award of an arbitrator cannot be set aside for mere errors of judgment, either as to the law or as to the facts. *Matter of Goff & Sons, Inc., and Rheinauer,* 199 App. Div. 617; *Itoh & Co., Ltd.,* v. *Boyer Oil Co., Inc.,* 198 id. 881; *Matter of Wheat Export Co., Inc.,* 185 id. 723. The defendant also complains because the arbitrator failed and refused to have the testimony taken down by a stenographer and transcribed. There is no rule, however, which requires this practice in arbitrations. Morse Arb. 536. While a refusal to permit a record to be made might in some cases be evidence of misconduct, prejudice or failure to perform honestly the duties of an arbitrator, no attack is made in this case upon the fairness and honesty of the arbitrator, and it appears affirmatively that the defendant's insist-

ence for a stenographic record was based upon his desire to review rulings upon testimony and points of law. But such a review, as already stated, is something he would not be entitled to. The refusal to have the testimony taken down by a stenographer cannot, therefore, be deemed misbehavior by which the rights of a party have been prejudiced. Civ. Prac. Act, § 1457. Motion to confirm award granted. Motion to reject denied. The clerk will be directed to enter judgment in favor of the plaintiff against the defendant in the amount of $3,665.01, with interest from November 10, 1922.

Ordered accordingly.