In the Matter of the Application of the INTEROCEAN MERCANTILE CORPORATION, Appellant, for the Appointment of an Arbitrator, etc., between the INTEROCEAN MERCANTILE CORPORATION and HERMAN W. HOOPS and Others Doing Business under the Firm Name of HAWLEY & HOOPS, Respondents.

First Department, January 12, 1923..

Arbitration — arbitration agreement not acknowledged or proved as prescribed by Civil Practice Act, § 1449, is not statutory within Civil Practice Act, art. 84 — non-statutory. arbitration is not special proceeding within Civil Practice Act, § 308, and General Construction Law, § 46a — commission to take testimony without State will not issue under Civil Practice Act, § 308, in non-statutory arbitration — power to issue commission to take testimony without State depends entirely on statute.

Arbitration provided for by an agreement between the parties is not the statutory one provided for by article 84 of the Civil Practice Act, where the agreement is not acknowledged or proved as required by section 1449 thereof.

A non-statutory arbitration is not a special proceeding, within the meaning of section 308 of the Civil Practice Act and section 46a of the General Construction Law, and, therefore, a commission to take testimony without the State for use before arbitrators will not issue under section 308 of the Civil Practice Act.

The power of a court to issue a commission without the consent of the parties to take the testimony of a witness without the State, depends entirely on statute and can only be exercised in the cases therein specified.

APPEAL by the Interocean Mercantile Corporation from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 30th day of June, 1922, directing that a commission issue to take testimony for use in an arbitration proceeding.

*Johnson & Galston* [*Winthrop W. Aldrich* of counsel; *Edwin J. Johnson* and *Otey McClellan* with him on the brief], for the appellant.

*Samuel Sculnick* of counsel, for the respondent.

DOWLING, J.:

On May 21, 1920, the appellant Interocean Mercantile Corporation and the firm of Hawley & Hoops entered into a contract for the sale by respondents, the former to the latter, of 200 long tons of Java white granulated sugar at twenty-three and three-fourths cents per pound, duty paid, ex dock New York, shipment to be made from Java by steamer between July first and August thirty-first. This contract contained the following provision: " Any question arising under this contract to. be adjusted by arbitration in New York." Subsequently a controversy arose

between the parties growing out of the buyer's refusal to take and pay for the sugar. The parties having failed to agree upon the third arbitrator required to be selected, on application to the Supreme Court at Special Term, an order was made on April 28, 1922, appointing a sole arbitrator of all questions arising under the contract. Thereafter respondents obtained an order directing appellant to show cause why an order should not be made directing the issuance of a commission to take the depositions of twenty-one witnesses residing in Java. An order was thereupon made directing the issuance of the commission prayed for, the examination to proceed before the American Consul or Vice Consul at Batavia, Java; and from such order this appeal is taken.

The arbitration provided for by the agreement of purchase herein is not the statutory one provided for by article 84 of the Civil Practice Act, inasmuch as the agreement was not acknowledged or proved as required by section 1449 thereof.

The question involved is whether, when an agreement to arbitrate not so acknowledged furnishes the basis for an application made to the court to appoint an arbitrator, the arbitration thus initiated becomes a special proceeding.

Concededly, in this State, the power of a court to issue a commission without the consent of the parties, to take the testimony of a witness out of the State, depends entirely on statute and can only be exercised in the cases therein specified. (*Matter of an Attorney*, 83 N. Y. 164; *Paddock* v. *Kirkham*, 102 id. 597.)

Under the Civil Practice Act the order for the examination of a party without the State may be made in actions (§ 288) and in special proceedings (§ 308).

Respondents contend that the arbitration, being recognized by the Arbitration Law (Consol. Laws, chap. 72), is a special proceeding and, therefore, the order appealed from was properly made. They admit that there was at all times a distinction between voluntary arbitration by agreement (where the court at no time acquired jurisdiction) and arbitrartion under statutory provisions; that where the arbitration was voluntary and not under any statutory provisions, or even where an attempt was made at statutory arbitration and the provisions were not complied with, the court did not acquire jurisdiction and it was not a special proceeding. They urge, however, that since the passage of the Arbitration Law, which incorporated certain sections of the Civil Practice Act as applicable to non-statutory arbitrations, a new special proceeding has been created, which is begun by the service of a petition for an order that the arbitration proceed (where one of the parties fails or refuses to perform under the con-

tract for arbitration) and is concluded by the final order confirming the award of the arbitration, under section 1458 of the Civil Practice Act.

But the Arbitration Law nowhere declares that the non-statutory arbitration is a special proceeding and we are, therefore, compelled to turn to the definitions thereof to see if such arbitration falls within their scope.

The General Construction Law provides (§ 46a): "Every prosecution by a party against an other party in a court of justice which is not an action is a special proceeding."

This section was added by chapter 917 of the Laws of 1920 (amending the General Construction Law generally) which was part of the scheme of the legislative committee on simplification of civil practice. It became a law on April 15, 1921, the same day the Civil Practice Act was originally planned to take effect (Laws of 1920, chap. 925; Laws of 1921, chap. 199), and may be deemed to be the latest legislative definition of a special proceeding. It specifically limits them to prosecutions in a court of justice, and as the Arbitration Law was passed earlier (being Laws of 1920, chap. 275, as amd. by Laws of 1921, chap. 14) it must be deemed that the definition excluded voluntary arbitrations, which could not come within it, even though incidentally the court might give some relief to effectuate their purpose.

The Code of Civil Procedure (§ 3333) defined an action as " an ordinary prosecution, in a court of justice, by a party against another party, for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offence."

It then provided (§ 3334): "Every other prosecution by a party, for either of the purposes specified in the last section, is a special proceeding."

Respondents cite the case of *Webb* v. *Parker* (130 App. Div. 92), wherein it was said (at p. 99): "Statutory arbitrations, such as these were, are special proceedings, being provided for in title 8 of chapter 17 of the Code of Civil Procedure which chapter has for its title ' Certain Special Proceedings instituted without Writ.' " But that reasoning is not applicable in the present case for the reasons: (1) This is not a statutory arbitration; (2) the title of the chapter in question has not been transferred to the Civil Practice Act, the corresponding article 84 of which is included under the heading " Particular Actions and Proceedings;" (3) the General Construction Law has since been amended so as to limit special proceedings to those in a court of justice.

The Civil Practice Act (§§ 4, 5) has re-enacted the definitions

of an action and a special proceeding as contained in the Code of Civil Procedure. In view of the fact that the limitation of special proceedings to those in courts of justice was inserted in the General Construction Law at the suggestion of the committee which drafted the Civil Practice Act, it is not a strained assumption that the former represents the real legislative intent.

Even under the Code of Civil Procedure there were classes of proceedings which were held not to be special proceedings (*Matter of Droege*, 197 N. Y. 44; *People ex rel. Watt* v. *Zucca*, 160 App. Div. 578), in the latter of which cases it was emphasized that a special proceeding within the meaning of the Code must be a proceeding in a court of justice.

The very purpose of the Arbitration Law was to secure the determination of a controversy out of court, and by methods quite different from those ordinarily followed by the court. Where parties have sought to free themselves from the rules applied by courts of justice, they should not be compelled to be bound thereby. In an agreement to arbitrate, where one party has refused to carry out his part of the contract and to do the things required to have the arbitration proceed, the court has been given power to intervene and to appoint an arbitrator and thus make the arbitration possible of existence; but the arbitration which then ensues is none the less the voluntary one agreed upon by them, with the desired informality, freedom of action and absence of procedural restraints, and it is not transformed into a court proceeding to be governed by strict rules of evidence and judicial limitations. What the court does is simply to insure to the parties the opportunity for having their dispute determined before the tribunal they have agreed upon.

My conclusion is that a non-statutory arbitration is not a special proceeding, within the meaning of the Civil Practice Act, and that a commission to take testimony of witnesses without the State for use before the arbitrators cannot be ordered therein.

The order appealed from should, therefore, be reversed, with ten dollars costs and disbursements, and the motion denied.

CLARKE, P. J., SMITH, PAGE and MERRELL, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied.