In the Matter of the Application of the INTEROCEAN MERCANTILE CORPORATION and Another, Respondents, for the Appointment of an Arbitrator Pursuant to a Contract between the INTEROCEAN MERCANTILE CORPORATION and GERTRUDE A. BUELL, as Executrix, etc., of GEORGE C. BUELL, Deceased, and Others, Appellants.

First Department, November 30, 1923.

**Arbitration — depositions — open commission to take testimony of non-resident witnesses may be granted under Civil Practice Act, § 308, since enactment of Arbitration Law, § 6-a, by Laws of 1923, chap. 341 — right to present evidence by affidavit does not deprive party of right to commission where witnesses are hostile — commission should issue to take testimony on oral questions — petitioners should pay expenses and reasonable counsel fees of respondents.**

An open commission to take the testimony of non-resident witnesses may be granted in arbitration proceedings under section 308 of the Civil Practice Act, since section 6-a of the Arbitration Law, as added by chapter 341 of the Laws of 1923, provides that arbitration shall be deemed a special proceeding.

The fact that the petitioners may introduce evidence by affidavit does not deprive them of the right to a commission to take the testimony of hostile witnesses.

The commission should issue to take testimony in this case, upon oral questions rather than by written interrogatories, since the witnesses are hostile.

The petitioners must pay the expenses and the reasonable counsel fees of the respondents in the execution of the commission.

APPEAL by the defendants, Gertrude A. Buell, as executrix, etc., and others, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 1st day of August, 1923, denying their motion for the issuance of a commission to take the testimony of certain witnesses outside the State of New York.

*Griggs, Baldwin & Baldwin* [*Edwin N. Moore* of counsel; *Martin Conboy* with him on the brief], for the appellants.

*Johnson & Galston* [*Winthrop W. Aldrich* of counsel], for the respondent Interocean Mercantile Corporation.

*Murray, Prentice & Aldrich* [*Winthrop W. Aldrich* of counsel], for the respondent The Equitable Trust Company of New York.

FINCH, J.:

Certain sugar was sold by the Interocean Mercantile Corporation to Buell & Co. under a contract providing for shipment by steamer from Java between July 1 and August 31, 1920, and for the arbitration of any question arising under said contract. Buell & Co. refused to accept and pay for the sugar upon the ground that it had not been shipped in July or August. Upon petition of the plaintiffs an arbitration was ordered. Buell moved to take depositions in Java as to when shipment was made. The motion, upon the authority of *Matter of Interocean Mercantile Corporation* [*Hawley & Hoops*] (204 App. Div. 284; since affd., 236 N. Y. 587), was denied upon the ground that the court had no jurisdiction to issue a commission for use in an arbitration proceeding, since such a proceeding was neither an action nor a special proceeding. This court affirmed and granted leave to go to the Court of Appeals, certifying the question as to whether the court had power to order that an open commission issue in an arbitration proceeding. This question the Court of Appeals answered in the negative. (See *Matter of Interocean Mercantile Corporation* [*Buell*], N. Y. L. J. March 9, 1923; affd., 206 App. Div. 658; 236 N. Y. 586.) Subsequently, by amendment of the Arbitration Law, the Legislature indicated its intention to give the courts power to issue a commission to take depositions of foreign witnesses in arbitration proceedings, whereupon this motion again was made for the same relief, which was again denied by the Special Term. The amendment provides that arbitration shall be deemed a special proceeding. (Laws of 1923, chap. 341, adding to Arbitration Law, § 6-a.) Under the provisions of the Civil Practice Act, testimony may be taken by deposition in a special proceeding as though the proceeding were an action. (Civ. Prac. Act, § 308.) Furthermore, the said amendment to the Arbitration Law provides that the court should have

the like jurisdiction for all purposes of proceedings under the Arbitration Law as of a submission pursuant to article 84 of the Civil Practice Act. This court has already held that an arbitration proceeding under title 8 of chapter 17 of the Code of Civil Procedure, which is now article 84 of the Civil Practice Act, is a " special proceeding." (*Webb* v. *Parker*, 130 App. Div. 92.) It follows that there can be no longer any question as to the power of the court to issue commissions to take depositions in arbitration proceedings.

The respondents, however, urge in addition that inasmuch as evidence may be submitted to arbitrators in affidavit form, depositions are unnecessary. The respondents overlook the fact that the moving papers show that the appellants have been unable to obtain the evidence they seek, even in affidavit form, because the witnesses are hostile. The appellants should have the opportunity to endeavor to obtain this evidence, as in their view of the case such evidence is most material. It follows that the motion should have been granted.

The appellants furthermore urge that because of the hostility of the witnesses, the commission should issue to take testimony upon oral questions rather than upon written interrogatories. In this regard also the facts presented are sufficient. The appellants, however, should pay the expenses and the reasonable counsel fees of the respondents in the taking of said testimony upon oral questions. (*Chaskin* v. *Mackay*, 130 App. Div. 50, 53.)

It follows that the order appealed from should be reversed, with ten dollars costs and disbursements, and the motion granted as indicated.

CLARKE, P. J., DOWLING, McAVOY and MARTIN, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted as indicated in opinion. Settle order on notice.