SAMUEL SMYTH, JR., Plaintiff, *v.* BOARD OF EDUCATION OF THE TOWN OF NORTH HEMPSTEAD, Defendant.

Supreme Court, Kings County, September 1, 1925.

**Arbitration — procedure — bill of particulars cannot be demanded in arbitration proceeding.**

A bill of particulars cannot be demanded in an arbitration proceeding for, under section 247 of the Civil Practice Act, a bill of particulars can be demanded only in an action, and while under section 6-a of the Arbitration Law an arbitration proceeding is a special proceeding, it is not an action. Furthermore, the Arbitration Law does not contemplate or purport to assimilate the technical practice of courts of law.

MOTION by defendant for bill of particulars in an arbitration proceeding.

*Scudder, McCoun & Kerfoot,* for the plaintiff.

*Dowsey & Schiel,* for the defendant.

CARSWELL, J. Upon consent the default of the plaintiff on a motion by the defendant for a bill of particulars is opened. The motion for a bill of particulars is made in an arbitration matter. The plaintiff opposes it on the ground that there is no power in the court to order the giving of a bill of particulars in such a proceeding. An arbitration proceeding is a " special proceeding," under section 6-a of the Arbitration Law (Laws of 1920, chap. 275, as added by Laws of 1923, chap. 341). (*Matter of Interocean Mercantile Corp.,* 207 App. Div. 164.) This holding was due to a legislative amendment following a decision that an arbitration proceeding was not a special proceeding. (*Matter of Interocean Mercantile Corp.,* 204 App. Div. 284; 236 N. Y. 587.)

Under section 247 of the Civil Practice Act, this court is " authorized to make an order in the action, upon notice," directing the service of a bill of particulars of a claim to the adverse party. An action is defined in section 4 of the Civil Practice Act, and refers to " an ordinary prosecution in a court of justice by a party

4

against another party for the enforcement or protection of a right, the redress or prevention of a wrong or the punishment of a public offense." Section 5 of the Civil Practice Act defines special proceeding as follows: " Every other prosecution by a party for either of the purposes specified in the last section [section 4] is a special proceeding." An arbitration proceeding is not " an ordinary prosecution in a court of justice." It is not, therefore, an action. The court's power under section 247 of the Civil Practice Act, to order a bill of particulars being limited to an action, an order may not be made in this special proceeding, to wit, an arbitration proceeding.

A broader ground leading to the same result is that proceedings in arbitration are provided for with completeness in the Arbitration Law, and sections 1448–1469 of the Civil Practice Act (as renum. by Laws of 1921, chap. 199), and no right to invoke the technical practice of courts of law and assimilate the same to the more informal procedure prescribed in arbitration proceedings is permissible, unless there is a statutory provision expressly authorizing such resort to courts of law and such other procedure. There is no statutory authorization for the ordering of a bill of particulars in an arbitration proceeding, such as there is now for the permitting of the issuance of a commission in arbitration proceedings, following the statutory making of an arbitration proceeding a special proceeding within the Civil Practice Act. The Legislature has not made an arbitration proceeding an action within the Civil Practice Act. The moment the Legislature makes it an action within the Civil Practice Act, we may have incorporated (by such reference and definition) into arbitration proceedings all the practice procedure prescribed for courts of law. This, however, has not as yet been done, except in so far as the legislation with respect to what constitutes a special proceeding has accomplished it. The language, spirit and purpose of the Arbitration Law were to keep such proceedings free from the technical practice of courts of law, and to avoid recourse to formal procedure required in court actions. (*Matter of Berkovitz* v. *Arbib & Houlberg*, 230 N. Y. 261, 272, 275.) Of like purport are the decisions holding that it is for the arbitrators to construe the submission and determine its scope. (*Matter of Amalgamated Assn. of R. Employees*, 196 App. Div. 206; *Itoh & Co., Ltd.*, v. *Boyer Oil Co., Inc.*, 198 id. 881.)

The motion is denied.