## In the Matter of ISADOR SCHWARTZ.

Supreme Court, New York County, December, 1925.

Depositions — arbitration — examination of party before trial — provisions of Civil Practice Act, relating to deposition of party before trial, do not apply to arbitration proceedings — inspection of books and papers may not be had in arbitration proceeding.

A deposition of a party before trial cannot be had in an arbitration proceeding, although such proceeding is declared, under section 6-a of the Arbitration Law, to be a special proceeding. The provisions of the Civil Practice Act, relating to the taking of a deposition of a party before trial, do not apply.

Nor are the provisions of the Civil Practice Act, relating to the inspection of books, papers and documents, applicable to arbitration proceedings.

APPLICATION for an order directing a party to an arbitration to appear for examination before trial and providing for an inspection of its books and records. Arbitration was ordered to proceed by this court.

*Hedges, Ely & Frankel* [*David Cohen* of counsel], for the motion.

*I. Gainsburg* [*Fred D. Kaplan* of counsel], opposed.

GAVEGAN, J. The Legislature has declared an arbitration proceeding to be a special proceeding. (Arbitration Law, § 6-a [as added by Laws of 1923, chap. 341]; *Matter of Interocean Mercantile Corporation,* 207 App. Div. 164.)

Though a commission may issue for the purpose of obtaining depositions of witnesses to be used before the arbitrators, this does not necessarily imply that the statutory provisions relating to taking the deposition of a party before trial are applicable to arbitration proceedings. The general rule is that an examination before trial will be allowed only as to matters in reference to which the examining party has the " burden of proof." The exceptions are few and of limited application. Furthermore, a party may be examined before trial as to nothing but what is " material " in view of the " issues." To fix the scope of such an examination it is indispensable that the court have before it the " pleadings " of the parties. Otherwise there is no basis on which to proceed, no " issues joined." In this department particularly the court is required to define the scope of such an inquiry in order that it may be properly confined to the issues as to which the examining party has the burden of proceeding with proof. Where there are no pleadings and no issues, as those terms are understood in our courts, it is impossible to intelligently comply with the requirement that the court fix the scope of examination.

Furthermore, arbitrators need pay no attention to rules of evidence. They are not confined to what a court of law would conceive to be " material." Before them there is no definition of " issues " by " pleadings " and, accordingly, no basis for fixing the scope of examination of a party before trial. Nor is the " burden of proof " a conception of any concern to them.

Courts may not indirectly interject their rules of procedure or rules of evidence into an arbitration excepting in so far as clearly warranted by statute or necessity. Otherwise fundamental, motivating concepts as to informality and freedom from requirements of procedure and of proof would be nullified. The prospect of a speedy determination unhampered by legal technicalities is of prime importance to those contemplating arbitration.

The same reasoning does not apply to an order directing a com-

mission to issue for the purpose of obtaining the deposition of a witness whose attendance at the trial is not to be expected, in view of special circumstances which are made to appear. As to interrogatories to be propounded to such a witness the court need go no farther than to ascertain that they relate to matters apparently relevant, need go no farther than ordinarily it might be expected that arbitrators would go.

What has been said is in harmony with the determination of Mr. Justice CARSWELL in *Smyth* v. *Board of Education* (N. Y. L. J. Sept. 2, 1925) that a bill of particulars may not be required by a court order in an arbitration proceeding. He pointed out that " proceedings in arbitration are provided for with completeness in the Arbitration Law and sections 1448–1469, Civil Practice Act; " that the Legislature has not declared an arbitration to be an action though by statute it is declared to be a special proceeding; that " The language, spirit and purpose of the Arbitration Law were to keep such proceedings free from the technical practice of courts of law and to avoid recourse to formal procedure required in court actions (*Matter of Berkovitz*, 230 N. Y. 261, 272, 275)," and that " Of like purport are the decisions holding that it is for the arbitrators to construe the submission and determine its scope (*Matter of Amalgamated Association of Railway Employees*, 196 App. Div. 206; *Itoh & Co., Ltd.*, v. *Boyer Oil Co., Inc.*, 198 App. Div. 881)."

These observations seem to me to set forth the correct point of view. They were made by a court thoroughly familiar with section 6-a of the Arbitration Law (as added by Laws of 1923, chap. 341) and the decision in *Matter of Interocean Mercantile Corporation* (207 App. Div. 164).

Proponent also seeks an inspection of certain of respondent's books, documents and papers. As indicated above, I believe that the court should not interject itself or its practice into arbitrations unless required to do so by statutory provision or necessity. The arbitrators can determine whether records of a party should be opened for inspection and what should be implied from his failure to afford inspection in the particular situation.

In a legal action inspection of records and examination of an adverse party before trial would appear to be methods adopted to meet the practical requirement that once a trial, especially a jury trial, has begun it should, in ordinary course, continue to proceed to a determination. But in arbitrations this is of minor importance, for usually the arbitrators can adjourn from time to time to enable the parties to obtain their proof and prepare for further trial as the hearings progress.

Without the sanction of the court, shown by the commission it

sends forth, it would often be impossible to obtain the statements of witnesses so situated that their personal attendance is not reasonably to be required.   It is quite a different thing to say that the matters to be submitted to arbitration are to be partially defined, limited and, to all intents and purposes, tried in advance by and under the direction and guidance of a court of law.

The application is denied in all respects.