## THE GULDBORG.

### DAMPSKIBSSELSK DANNEBROG v. STRANGE & CO., Inc.

District Court, S. D. New York.
July 7, 1932.

Kirlin, Campbell, Hickox, Keating & McGrann, of New York City (Charles R. Hickox, of New York City, of counsel), for owner.

Hunt, Hill & Betts, of New York City (George C. Sprague, of New York City, of counsel), for charterer.

PATTERSON, District Judge.

Dampskibsselsk Dannebrog, owner of the motorship Guldborg, chartered it to Strange & Co., Inc. The charterer claimed that the owner was obligated under the charter to install a fire extinguishing system on the ship. The owner denied the existence of any such obligation. The charterer then put in the installation under protest, at a total cost of $9,723.78. The dispute was then referred to three arbitrators by a written agreement. The arbitrators were chosen in the customary way—one by each party and the third by the first two arbitrators. A hearing was held and evidence taken. The arbitration resulted in an award in favor of the charterer for the full sum involved, on condition that the extinguishing system be left on the vessel. The arbitrator chosen by the owner dissented. Cross-motions have been made in this court, the one by the charterer to confirm the award, the other by the owner to vacate it.

In support of the motion to vacate, the affidavit of Bress, the dissenting arbitrator, is submitted. At one of the meetings of the arbitrators, Brown, the third arbitrator, is said to have told the others that there had been opposition on the part of owners to the demands of the New York Board of Underwriters, which demands he deemed unduly rigorous in some ways; that there had been an increasing apprehension on the part of underwriters over the safety of cotton and automobile shipments on motorships carrying inadequate extinguishing apparatus; that in some motorships the donkey boiler was sufficient only for heating quarters even though connected with smothering lines to the holds; that some owners of motorships seemed to be falling in line with the board's demands and had installed extinguishing systems. There are affidavits in opposition by the other two arbitrators, to the effect that the discussion took place after the award had been made, that certain of the statements were never made, and that the decision was based solely upon the documents offered in evidence and upon the testimony taken at the hearing.

As I have reached the conclusion that the facts set forth in the affidavit of the dissenting arbitrator, taken at full face value, afford no ground for impeaching the award, it is unnecessary to determine whether the discussion referred to occurred before the award was made, or to determine whether all the statements attributed to the third arbitrator were ever made by him. In no view of the case can it be said that there was "misbehavior by which the rights of any party have been prejudiced," which is one of the reasons for vacating an award under section 10 of the

United States Arbitration Act (9 USCA § 10).

One of the chief merits claimed for arbitration as a method of settling controversies is the opportunity of having the matter decided by experts in the particular field. Manifestly, therefore, it is not an impropriety for an arbitrator to draw upon his general experience in deciding the dispute before him. In submitting a dispute to arbitration, the parties must have had it in mind that the expertness of the arbitrators would contribute an element of value toward a just and fair solution of the particular dispute. The remarks said to have been made in this case by the third arbitrator show no more than that he had, or thought he had, a certain familiarity with what was going on in the industry. There is nothing to indicate that any ideas he may have expressed as to the general trend in the motorship business created in his mind a prejudice against the charterer or played a material part in the decision of the particular issue before the board. The papers are barren of any showing of misconduct or impropriety on the part of any arbitrator.

There is an obvious distinction between this case and the situation presented in Berizzi Co. v. Krausz, 239 N. Y. 315, 146 N. E. 436, where the arbitrator conducted a private investigation of his own after the hearings were closed and based his award largely upon the result of such investigation.

The motion to vacate the award will therefore be denied. The motion to confirm will be granted, and judgment entered accordingly.