In the Matter of the Application of NATHAN SHAPIRO et al., Doing Business as S & S CONSTRUCTION Co., to Remove an Action now Pending in County Court, Sullivan County, to Supreme Court, Sullivan County. NATHAN SHAPIRO et al., Copartners Doing Business as S & S CONSTRUCTION Co., Plaintiffs, *v.* JOE GORDON, Defendant.

Supreme Court, Special Term, Rensselaer County, June 17, 1949.

*Ellsworth Baker* for plaintiffs.

*Goldstein & Goldstein* for defendant.

TAYLOR, J. This is a motion to confirm the award of arbitrators, to correct such award to conform to the agreement of the parties with respect to the payment of the expenses of the arbitration, to enter judgment on such award and to remove the action from the County Court of Sullivan County to the Supreme Court. The phase of the motion which requested such removal has since been abandoned by the moving party.

It appears that on the 21st day of May, 1949, the parties hereto entered into an agreement to arbitrate certain controversies which had arisen between them relative to an agreement for the performance of certain construction and grading work by the plaintiffs for the defendant. The parties named Bernard Kitias and Herbert L. Neild as such arbitrators pursuant thereto. The agreement of arbitration further provided for the selection of an umpire or third arbitrator. One Henry Farber was so selected. The three arbitrators apparently unanimously found in favor of the plaintiffs in the amount of $3,087 and fixed the compensation of the arbitrators in the

amount of $250 to be charged against the parties in equal proportions.

The defendant objects to the confirmation of the award upon the grounds that the arbitrators Farber and Neild were prejudiced against him and not impartial, that the arbitrators refused to hear the testimony of his witnesses and to admit proof to support his contentions, that the testimony which was taken was not reduced to writing at the hearing, that the witnesses were not sworn and that the determination was not made within the time limited therefor by the agreement of arbitration and was not justified " upon the facts of the case ".

The claim of bias and lack of impartiality on the part of Farber is based on his alleged assertion to the effect that he would give Gordon " the works " because he had not money to pay for the job. Farber has denied that he made that statement. There is nothing in the record by which it is sought to establish that such a statement was made by Farber except the defendant's affidavit that Kitias had told him so and except Kitias' affidavit that he had told the attorney for the plaintiffs that Farber had stated that Gordon did not have the money. Hearsay cannot outweigh positive proof. The claim of prejudice on the part of Farber is not sustained by the evidence.

The alleged partiality and prejudice of Neild are claimed to have resulted from his employment by the attorney for the plaintiffs to do all his machine repairing work in a lumbering operation in which the attorney was engaged. Since " proof of business relations between parties and arbitrators, standing alone, is not sufficient to vitiate an award ", it must be said that a like rule applies to a party's attorney. (*Matter of Knickerbocker Textile Corp.* v. *Sheila-Lynn Inc.,* 172 Misc. 1015, affd. 259 App. Div. 992; *Matter of Meinig Co.* v. *Katakura & Co.,* 241 App. Div. 406, affd. 266 N. Y. 418.) It is also alleged on information and belief that the attorney had spoken to that arbitrator before the decision. The sources of the information and the grounds for the belief of the affiant are not shown. Such allegations cannot move the court. (*Hurley* v. *Union Trust Co. of Rochester,* 244 App. Div. 590.)

It is also contended that the arbitrators refused to hear the testimony of two witnesses who were allegedly produced by the defendant, one of whom was a contractor who had examined the work which the plaintiffs had performed, and the other of whom was the defendant's daughter. If established, such conduct would require vitiation of the award. (*Halstead* v. *Seaman,*

82 N. Y. 27.) The defendant, the contractor and the defendant's daughter allege that there was such a refusal and state that the witnesses were present and prepared but not permitted to testify. The arbitrators Neild and Farber deny such allegations and state that such witnesses were not, in fact, produced by the defendant and that the arbitrators heard the testimony of all witnesses who were. The affidavits of the arbitrator Kitias which are submitted by the defendant on this motion are silent on that subject. The presumption is that the arbitrators did their duty. Convincing evidence must be presented to establish their misconduct. On the showing before me, I may not say that there is such proof here.

The objection that the testimony which was taken at the hearing was not reduced to writing is untenable. In the absence of an express provision in the agreement of arbitration to that effect, of which there was none, there is no basis to disturb the award on that ground. (*Matter of Andersen Trading Co.* v. *Brimberg,* 119 Misc. 784.) Neither the statute nor the agreement of submission required that the witnesses be sworn. Furthermore, it appears that the defendant was present at the hearing and there is no proof that he made objection to the procedure adopted by the arbitrators. His failure to object then estops him from raising the objection now. (*Hano* v. *Isaac H. Blanchard Co.,* 199 N. Y. S. 227.)

The defendant seeks denial of the confirmation of the award on the ground that the determination was not made within the time limited therefor. The decision is subscribed by the three arbitrators and is dated June 14, 1949. The agreement provided that it must have been rendered not later than June 6, 1949. It appears to have been acknowledged by all the arbitrators on the day of its date. The affidavits of two of the arbitrators state that the decision was signed on June 4th which was the day on which the hearing was conducted and the determination reached, then delivered to Farber and its execution thereafter acknowledged by them. The other arbitrator states that he cannot recall whether the hearing took place on June 4th or June 11th but that he and his coarbitrators signed the report on the day of the hearing. He denies that he ever acknowledged its execution. The agreement provides that the decision of a majority of the arbitrators shall bind the parties. Hence, an award by two of them is valid. Its subscription by two arbitrators within the time limited therefor was sufficient and their subsequent acknowledgment of its execution, although irregular, did not invalidate it. (*Matter of Verly Bldg. Corp.* [*Gertner*], 264 App. Div. 885.) That the decision was sub-

scribed by the three arbitrators on June 4th and subsequently acknowledged by two of them is uncontradicted.

The Supreme Court has jurisdiction to entertain this application. The statute provides that arbitration under a submission described in the statute " shall be deemed a special proceeding, of which the court specified in the contract or submission, or if none be specified, the supreme court for the county in which one of the parties resides or is doing business, or in which the arbitration was held, shall have jurisdiction." (Civ. Prac. Act, § 1459.) It appears from the arbitration agreement that both parties reside in Sullivan County and there is no court specified in that agreement unless it may be said that the language thereof " that judgment of the Supreme Court shall be entered upon the award which may be made pursuant to the above submission " may be considered such specification, in which event this would be the proper tribunal. The action which had been instituted in the County Court terminated when the agreement of submission was executed and a special proceeding in the Supreme Court, unless another court was specified in the agreement, supplanted that action under the statute.

Under the provisions of the agreement, the fees and expenses of the arbitrators were required to be imposed on the unsuccessful party. The arbitrators had no power under the agreement to apportion the amount of those fees among the parties as they have undertaken to do. The court may correct and modify the award to conform to the agreement. (Civ. Prac. Act, § 1462-a; *Matter of Blaikie,* 119 Misc. 791, affd. 206 App. Div. 740.)

The final reason urged by the defendant for the rejection of the award seems to be based upon the ground that it was contrary to the evidence before the arbitrators. The determination of the arbitrators as to the law and the facts is not reviewable and is final except where grounds specifically provided in section 1462 of the Civil Practice Act exist. (*Matter of Motor Haulage Co. [Teamsters' Union]*, 272 App. Div. 382, revd. on other grounds 298 N. Y. 208; *Matter of Pine St. Realty Co.* v. *Coutroulos,* 233 App. Div. 404, motion for leave to appeal to Court of Appeals denied 258 N. Y. 609.) Errors of judgment on the part of arbitrators are an arbitration risk.

The motion to confirm the award is granted except as to payment of the fees of the arbitrators as to which it is modified in accordance with the views above expressed and the clerk is directed to enter judgment in favor of the plaintiffs against the defendant in the amount of $3,337, with interest from June 4, 1949.

Ordered accordingly.