Bergan, J.
Appellant bank is a judgment creditor of Fred Winchell. Certain personal property was levied upon by the Sheriff under an execution resting on the judgment. The respondents Veronica Winchell and Florian W. Greenbacker made claim to be the owners of the property. They filed affidavits, pursuant to section 696 of the Civil Practice Act with the Sheriff asserting their claims.
The judgment creditor then served a written notice which stated that it was in pursuance of rule 115 of the Rules of Civil Practice, requiring a bill of particulars as to the claims of ownership of the property. On application of the claimants, the Special Term vacated the notice. Rule 115 opens with the provision that “ Any party may require any other party to give a bill of particulars of his claim, or a copy of the items of the account alleged in a pleading ” by the service of a notice which becomes binding on the adverse party unless vacated by the court within the time prescribed.
The bill of particulars which formerly was afforded by order in the first instance, is now afforded by this self-operative provision without initial application to a court. The procedure is one of a series of improved techniques in the practice. The “ claim ” referred to is the claim asserted in a pleading in a civil action. Rule 115 is a part of title 14 of the rules dealing with “ pleadings ”.
The provisions of article 27 of the Civil Practice Act, dealing with “ pleadings ” manifestly relate to the pleadings in a “ civil action ”, coming within the definitive scope of sections 4 and 6 of the act, read in connection with subdivision 8 of section 7. The specific treatment in article 27 of the “ complaint ”, the “ answer ”, and other pleadings and of bills of particulars to pleadings, all suggest reference to civil actions.
The language of context in rule 115 itself, dealing with the failure to furnish particulars in accordance with its terms, indicates that its application is to pleadings in an action, for it provides application for preclusion may be made to the court or judge authorized to make an 11 order in the action ”.
The history of the development of the rule indicates the same thing. Sections 246 and 247 of the Civil Practice Act, as orig *286 inally enacted in 1920 (ch. 925), derived in part from section 531 of the Code of Civil Procedure. These sections were the predecessors of rule 115, and former section 247 provided that on application, the court or judge “ authorized to make an order in the action ” may “ direct a bill of the particulars of the claim of either party ”.
Former section 246 of the Civil Practice Act provided that it was not necessary to set forth the “ items of an account ” alleged in a pleading, but on demand the party must deliver a copy of the account or be precluded, and the court or judge “ authorized to make an order in the action ” might direct a further account. Section 247, as it has been seen, dealt with particularization of “ the claim ” of a party.
This is manifestly the statutory genesis of the language in rule 115, which conjoins “ a bill of particulars of his claim ” and “ a copy of the items of the account alleged in a pleading ”. Since the amendments to sections 246 and 247 by the Laws of 1936 (ch. 241), these provisions have been repealed and the Justices of the Appellate Division given additional and specific power to make rules in relation to particularization and accounts (present § 247) and the former provisions have been absorbed into the newer practice provided by rule 115, which also became effective in 1936.
The former provisions of section 247, prescribing for bills of particulars on order of the court were held limited to pleadings in an action (Smyth v. Board of Education, 128 Misc. 49), and the automatic provisions of rule 115 must likewise be construed to apply to bills of particulars of pleadings in actions.
No doubt the court has power to direct amplification of an affidavit asserting a third-party claim to property under section 696 of the Civil Practice Act, where the affidavit does not conform to the direction of the statute as to details. Section 696 itself gives fairly precise directions as to what the affidavit shall contain. Perhaps the court also has inherent power in its discretion to direct particularization. We do not pass on that. It is reasonably certain that the notice to serve a bill of particulars provided by rule 115 does not apply to such an affidavit.
The order should be affirmed, with $10 costs.
Foster, P. J., Heffernan, Brewster and Coon, JJ, concur.
Order affirmed, with $10 costs.