**In the Matter of the Arbitration between**
**COMMERCIAL SOLVENTS CORPORA-**
**TION, Petitioner,**
**and**
**LOUISIANA LIQUID FERTILIZER**
**COMPANY, Inc., Respondent.**

United States District Court
S. D. New York.
April 8, 1957.

---

Wickes, Riddell, Bloomer, Jacobi & McGuire, New York City, William J. Rennert, John K. Clark, Jr., New York City, of counsel, for petitioner.

Forsythe, McGovern & Fetzer, New York City, Burton L. Knapp, New York City, of counsel, for respondent.

BICKS, District Judge.

This motion was brought on by Commercial Solvents Corporation (hereinafter referred to as "petitioner") to vacate and set aside an ex parte order issued on November 5, 1956,[1] and a notice of taking certain depositions. The underlying facts pertinent to a determination of the motion are these.

Pursuant to a provision in a written contract between the parties evidencing a transaction involving commerce to settle by arbitration controversies thereafter arising out of such contract or transaction,[2] petitioner mailed to Louisiana Liquid Fertilizer Co., Inc. (hereinafter referred to as "respondent"), a demand for arbitration setting forth therein, *inter alia* a specific statement of the dispute to be arbitrated, and the relief sought. Respondent submitted an answering statement in accordance with the rules of the American Arbitration Association alleging certain defenses to petitioner's claim. Then followed the respondent's notice of taking the depositions of five employees of petitioner in the State of Louisiana, pursuant to the Federal Rules of Civil Procedure.

Respondent's position is that it is essential that it have this means of obtaining information allegedly peculiarly within the knowledge of employees of petitioner residing in Louisiana in order adequately to prepare for the hearing to be held before the arbitrators. It is argued that since the Federal Arbitration Act, Title 9 U.S.C.A. § 1 et seq., does not provide a procedure for depositions and discovery, Rule 81(a) (3) of the Federal Rules of Civil Procedure,

1. The order recites:
   "Ordered that the Clerk of this Court be and he hereby is directed to accept for filing notices for the taking of depositions herein on behalf of Louisiana Liquid Fertilizer Company, Inc."

2. The arbitration provision in the contract reads:
   "19. Any controversy or claim arising out of or relating to this agreement, or a breach thereof, shall be settled by arbitration in New York, New York, in accordance with the Commercial Arbitration Rules, then obtaining, of the American Arbitration Association, and judgment upon the award rendered may be entered in any court having jurisdiction thereof."

28 U.S.C.A.[3] fills the void and authorizes application of the federal discovery rules for the purposes for which they are here sought to be invoked.

The Federal Arbitration Act declares that certain types of agreements for arbitration shall be enforceable and makes provision for their enforcement in the federal courts. Kulukundis Shipping Co. v. Amtorg Trading Corp., 2 Cir., 1942, 126 F.2d 978, 985. Looking toward such end, proceedings for the following relief are authorized: a stay of a suit brought in any court of the United States upon any issue referable to arbitration (§ 3); compelling arbitration (§ 4); appointment by the court of arbitrators or an umpire (§ 5); confirmation of an arbitration award (§ 9); vacation (§ 10); modification or correction of an arbitration award (§ 11). At this stage, in the instant matter, the parties have submitted to arbitration, there is no proceeding pending in another court relating to the matter submitted to arbitration, and there has been no occasion to initiate any of the proceedings expressly authorized in the Act.

Rule 81(a) (3), it is to be noted, authorizes the application of the Federal Rules " * * * in proceedings under Title 9, U.S.C., * * *". By its attempted invocation of that Rule under the present circumstances, respondent has failed to note the distinction between "matters of procedure" and "proceedings" as those terms are employed in the Rule. Application of the federal rules in proceedings under the Federal Arbitration Act to supply "matters of procedure" not provided for therein, is authorized. Rule 81(a) (3) comes into play, however, only in proceedings under the Act. The instant matter involves none.

■ Respondent urges that it is entitled to avail itself of the discovery rules because, save for the agreement to arbitrate, the federal courts would have jurisdiction of the subject matter of a suit arising out of the controversy between the parties and in such a suit the federal discovery rules would obtain. The argument contains its own answer. By voluntarily becoming a party to a contract in which arbitration was the agreed mode for settling disputes thereunder respondent chose to avail itself of procedures peculiar to the arbitral process rather than those used in judicial determinations. "A main object of a voluntary submission to arbitration is the avoidance of formal and technical preparation of a case for the usual procedure of a judicial trial." 1 Wigmore, Evidence § 4(e) (3d ed. 1940). Arbitration may well have advantages[4] but where the converse results a party having chosen to arbitrate cannot then vacillate and successfully urge a preference for a unique combination of litigation and arbitration. The proposition that "[a]rbitration is merely a form of trial, to be adopted in the action itself, in place of the trial at common law * * *", Murray Oil Products Co., Inc., v. Mitsui & Co., 2 Cir., 1944, 146 F.2d 381, 383, which stated thus broadly might indicate the propriety of pre-hearing discovery in arbitration, was rejected by the Su-

3. Insofar as here material Rule 81(a) (3) provides as follows: "In proceedings under Title 9, U.S.C., relating to arbitration * * * these rules apply * * * to the extent that matters of procedure are not provided for in [that statute] * * *"

4. Overenthusiastic sponsors of the method, however, have had ample warning that it should be resorted to with care: "The more enthusiastic of those sponsors have thought of arbitration as a universal panacea. We doubt whether it will cure corns or bring general beatitude. Few panaceas work as well as advertised." Kulukundis Shipping Co. v. Amtorg Trading Corp., 2 Cir., 1942, 126 F.2d 978, 987, note 32, "Arbitration sometimes involves perils that even surpass the 'perils of the seas'". In re Canadian Gulf Line, Ltd., 2 Cir., 1938, 98 F.2d 711, 714. See also: Phillips, P. G., A Lawyer's Approach to Commercial Arbitration, 44 Yale L.J. 31 (1934).

preme Court in Bernhardt v. Polygraphic Co., 1956, 350 U.S. 198, 76 S.Ct. 273, 100 L.Ed. 199. As the Supreme Court said, 350 U.S. at page 203, 76 S.Ct. at page 276: "* * * the remedy by arbitration, whatever its merits or shortcomings, substantially affects the cause of action * * *. The nature of the tribunal where suits are tried is an important part of the parcel of rights behind a cause of action. The change from a court of law to an arbitration panel may make a radical difference in ultimate result."

The fundamental differences between the fact-finding process of a judicial tribunal and those of a panel of arbitrators demonstrate the need of pretrial discovery in the one and its superfluity and utter incompatibility in the other. Thus, arbitrators are not bound by the rules of evidence, Burchell v. Marsh, 1855, 17 How. 344, 15 L.Ed. 96; Springs Cotton Mills v. Buster Boy Suit Co., 275 App.Div. 196, 200, 88 N.Y.S.2d 295, affirmed, 1949, 300 N.Y. 586, 89 N.E. 2d 877; they may consider hearsay and otherwise incompetent testimony, A. O. Andersen Trading Co., Ltd. v. Brimberg, N.Y.Sup.Ct.1922, 119 Misc. 784, 197 N.Y.S. 289; see also Sturges, Commercial Arbitration and Awards, § 214 (1930); their decision may be against the weight of the evidence, Everett v. Brown, N.Y.Sup.Ct.1923, 120 Misc. 349, 198 N.Y.S. 462; their decision need not find any support whatever in the evidence, Everett v. Brown, supra; they may draw on their personal knowledge in making an award, American Almond Products Co. v. Consolidated Pecan Sales Co., 2 Cir., 1944, 144 F.2d 448, 154 A.L.R. 1205; The Guldborg, D.C.S.D.N.Y.1932, 1 F.Supp. 380; Springs Cotton Mills v. Buster Boy Suit Co., supra; they need not disclose the facts or reasons behind their award, Wilko v. Swan, 1953, 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168; Shirley Silk Co. v. American Silk Mills, Inc., 1939, 257 App.Div. 375, 377, 13 N.Y.S.2d 309, 311; whether they miscon-

strued a contract is not open to judicial review, The Hartbridge, 2 Cir., 1932, 62 F.2d 72; Mutual Benefit Health & Accident Ass'n v. United Cas. Co., 1 Cir., 1944, 142 F.2d 390; questions of fault or neglect are solely for their consideration, James Richardson & Sons v. W. E. Hedger Transportation Corp., 2 Cir., 1938, 98 F.2d 55; absent agreement of the parties, a written transcript of the proceedings is unnecessary, A. O. Andersen Trading Co. v. Brimberg, supra; Application of Shapiro, N.Y.Sup.Ct.1949, 197 Misc. 241, 97 N.Y.S.2d 644, modified Shapiro v. Gordon, 1950, 277 App.Div. 927, 98 N.Y.S.2d 451; errors of judgment on the part of arbitrators are an arbitration risk, Application of Shapiro, supra. As Judge Learned Hand said in American Almond Products Co. v. Consolidated Pecan Sales, 2 Cir., 1944, 144 F.2d 448, 451: "Arbitration may or may not be a desirable substitute for trials in courts; as to that the parties must decide in each instance. But when they have adopted it, they must be content with its informalities; they may not hedge it about with those procedural limitations which it is precisely its purpose to avoid. They must content themselves with looser approximations to the enforcement of their rights than those that the law accords them, when they resort to its machinery".

For matters of procedure relating to the hearings before the arbitrators we refer not to the Rules of Civil Procedure but to the Commercial Arbitration Rules of the American Arbitration Association which the parties agreed should control. Section 30 of those rules provides: "The parties may offer such evidence as they desire and shall produce such additional evidence as the Arbitrator may deem necessary to an understanding and determination of the dispute." While the arbitrators could not perhaps compel the attendance of the witnesses whose depositions are sought to be taken because service of subpoenas could not be made upon them

within the Southern District of New York or within 100 miles of the place the hearing is to be held, Title 9, U.S.C.A. § 7; Rule 45(e) (1), Fed.R.Civ.P., they may be relied on to draw such inferences from the failure of the petitioner to produce them as they in their unreviewable judgment think the circumstances justify. Mere suggestion as to the testimony these witnesses would give if available at the hearing would in an arbitration hearing probably cast the onus upon the petitioner to negative the unsupported assertion that if called their testimony would be unfavorable to its position. Fortunately or otherwise, depending on one's views as to the soundness of the broad claims made by arbitration enthusiasts, almost "anything goes" before arbitrators. Kallus v. Ideal Novelty & Toy Co., Sup.1943, 45 N.Y.S. 2d 554.

■ Respondent's reliance upon cases decided by the New York Supreme Court under the state arbitration statute is misplaced. Firstly, they depend on express statutory authority. See Interocean Mercantile Corporation v. Buell, 1923, 207 App.Div. 164, 201 N.Y.S. 753; New York Civil Practice Act, §§ 1459 and 308. Further, notwithstanding such authority, the state court will not grant examinations before trial in arbitration proceedings except under extraordinary circumstances. See In re Schwartz, N.Y. Sup.Ct.1925, 127 Misc. 452, 217 N.Y.S. 233; Kallus v. Ideal Novelty and Toy Co., supra; In re Cole, unreported, N.Y.L.J., 1/9/47, p. 111, col. 7; North American Rayon Corp. v. Putnam Mills, unreported, N.Y.L.J., 10/13/49, p. 819, col. 6, affirmed without opinion, 1949, 276 App.Div. 832, 93 N.Y.S.2d 728; Stiller Fabrics v. Michael Saphier Associates, N.Y.Sup.Ct.1956, 1 Misc.2d 789, 148 N.Y.S.2d 591; Smyth v. Board of Education, N.Y.Sup.Ct.1925, 128 Misc. 49, 217 N.Y.S. 231; In re Katz, App.Div. 1st Dept., 160 N.Y.S.2d 159. Lastly, pre-trial discovery clearly involves a matter of procedure which is within the power of the federal courts or Congress to prescribe. Cf., Bernhardt v. Polygraphic Co., supra.

In Steamship Co. of 1949, Inc., v. China Union Lines, Hong Kong, Ltd., D.C.S.D. N.Y.1954, 123 F.Supp. 802, 804, a motion to terminate a pre-hearing examination ordered by the Texas District Court was denied. The decision reflects the view of the Court that the order of the Texas District Court was, "the law of the case as far as I am concerned", and does not represent an independent determination as to the propriety of allowing a pre-hearing examination. It does not appear that the order of the District Court in Texas was accompanied by an opinion; we are, thus, without the benefit of the Court's rationale or the special circumstances, if any, which may have existed.

■ Reason and authority compel that in federal courts pre-hearing examinations under court aegis in matters pending before arbitration tribunals are unwarranted.

Motion to vacate notice of taking of depositions granted.