Froessel, J.
(dissenting). We agree with the views expressed in the dissenting opinions below. Appellant Heckler’s claim is clearly an arbitrable one under article 11 of the contract, which expressly provides for arbitration of “ any disagreement [which] shall arise between the .parties hereto” (De Lillo Constr. Co. v. Lizza & Sons, 7 N Y 2d 102; Matter of Lipman [Haeuser Shellac Co.], 289 N. Y. 76). Article 11 embraced disputes with regard to delays attributable to “the failure of the Board of Education to coordinate the work of the several contractors performing work at the site of the project involved ”, and claims for damages resulting therefrom.
As to the principal ground upon which the majority of the Appellate Division reversed Special Term, namely, the failure of appellant to comply with section 3813 of the Education Law, we are of the opinion that this is a matter to be determined by the arbitrators. As Judge Ftjld wrote for a unanimous court in Matter of Terminal Auxiliar Maritima (Winkler Credit Corp.) (6 N Y 2d 294, 298), “ It "is settled that under a broad provision for arbitration, such as we have here, arbitration may be had as to all issues arising subsequent to the making of the contract. [Citing cases] ”. In Matter of Paloma Frocks (Shamokin Sportswear Corp.) (3 N Y 2d 572, 574), we expressly held that the “ only issues a court may deal with on such a stay application are as to ‘ the making of the contract or submission or the failure to comply therewith ’ (Civ. Prac. Act, § 1458; Matter of Kramer & Uchitelle, Inc., 288 N. Y. 467, 472; Matter of Western Union Co. [American Communications Assn.], 299 N. Y. 177) and ‘ all acts of the parties subsequent to the making of the contract which raise issues of fact or law, lie exclusively within the jurisdiction of the arbitrators ’ (Matter of Lipman [Haeuser Shellac Co.], 289 N. Y. 76, 80).” And in Matter of Lipman (*Haeuser Shellac Co.) (supra) we added (p. 79): '“ A different question would be here if the issue was whether the contract never came into existence and hence was void, or if, *485 although the contract was made, there arose an issue of fraud, duress or other impediment which rendered the contract voidable, or if there were any conditions precedent.” The language just quoted clearly indicates that the words [1] ‘ if there were any conditions precedent ’ ’, in association with the language preceding, relate to the inception of the contract — not to an act or omission occurring after a valid contract came into existence.
Thus, in Matter of Uraga Dock Co. (Mediterranean & Oriental S. S. Corp.) (6 A D 2d 443, affd. 6 N Y 2d 773), where written contracts for the Construction and purchase of tankers provided they were not to “become effective” until the buyer made timely payment of the first installment, we held that an issue as to the timeliness of the first payment was for the appropriate arbitration tribunal, not for the courts, to decide, since timely payment of the first installment was a condition precedent, not to the formation of valid and binding contracts, but to the duty of subsequent performance by the builder, i.e., its obligation to commence construction of the vessels. Here, section 3813 of the Education Law is at most a provision relating to the presenting of a claim under an admittedly valid contract, and hence the issue as to the applicability of section 3813 is for the arbitrators, not the courts, to decide.
In Matter of Cauldwell-Wingate Co. (New York City Housing Auth.) (262 App. Div. 829), where the contract expressly provided that the timely filing of a notice of claim, as well as other notices, were conditions precedent to the right of arbitration, it was held that the issue of timely compliance was for the courts, not for the arbitrators, to decide. We denied.leave to appeal (287 N. Y. 853). That case was not followed in Matter of Tugee Laces (Mary Muffet, Inc.) (273 App. Div. 756, affd. 297 N. Y. 914); Matter of Hatzel & Buehler (Fuller Co.) (278 App. Div. 647, affd. 303 N. Y. 836), or Matter of Levine Bros. Iron Works Corp. (Constitution Sq.) (279 App. Div. 912, motion for leave to appeal denied 304 N. Y. 986), all of which cases held that the question of the timeliness of the demand for arbitration was for the arbitrators, not the courts, to decide. Given a broad arbitration clause such as we have here, the modern rule, as heretofore indicated, is that all issues of fact or law arising subsequent to the making of the contract are for the appropriate arbitration tribunal, not for the courts, to decide.
*486 We see no distinction whatever between the case at bar and cases such as Lipman (supra); Paloma (supra); Matter of Terminal Auxiliar (supra), and Uraga Dock Co. (supra) relating to the cancellation or termination of a contract, or conditions precedent to performance. All relate to matters — whether of omission or commission — arising “ subsequent to the making of the contract”, and, whether “ issues of fact or law”, they “ lie exclusively within the jurisdiction of the arbitrators ”.
Moreover, we do not think that section 3813 of the Education Law was intended to apply to arbitration proceedings. That statute provides that “ No action or special proceeding * * * shall be prosecuted or maintained against any school district * * * unless it shall appear by and as an allegation in the complaint or necessary moving papers that a written verified claim upon which such action or special proceeding is founded was presented” (emphasis supplied). It is clear from the italicized words that this section has no reference to an arbitration proceeding but refers to the conventional action or special proceeding.
Section 11-a of the General Construction Law provides: ‘ ‘ ‘ Action ’ when applied to judicial proceedings, signifies an ordinary prosecution in a court of justice, by a party against another party, for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense. Actions are of two kinds: civil and criminal.” (Emphasis supplied.) (See, also, Civ. Prac. Act, § 4.) Section 46-a of the General Construction Law provides: ‘ ‘ Every prosecution by a party against another party in a court of justice which is not an action is a special proceeding.” (Emphasis supplied.) (See, also, Civ. Prac. Act, § 5.) An arbitration proceeding is not had “ in a court of justice ”; it is not founded on a complaint or moving papers as those words are generally understood. The very purpose of arbitration is to avoid the courts insofar as resolution of the controversy is concerned.
It is true that section 1459 of the Civil Practice Act provides that arbitration “shall be deemed a special proceeding, of which the court * * * shall have jurisdiction ”, but, as we said in Matter of Hosiery Mfrs. Corp. v. Goldston (238 N. Y. 22, 26), “ The new section merely makes the arbitration a special proceeding to meet our decision to the contrary. (204 *487 App. Div. 284; affd., 236 N. Y. 587.) ” The last-cited case had held that arbitration was not a special proceeding so as to permit the grant of an order under section 308 of the Civil Practice Act to examine a party outside the State, which is itself a court proceeding.
Respondent’s contention that section 3813 is applicable here leads to an absurd result. Appellant gave respondent timely notice of the delays in April, 1957. In July and August, 1958 it wrote both respondent and the architects of its claims by reason of such delays, amounting to the sum of upwards of $300,000, and requested a hearing before and ruling by the architects. The latter having failed to comply, demand for arbitration followed. Assuming a prompt adverse decision by the architects, article 40 of the contract requires that “if the arbitration is an appeal from the Architect’s decision, the demand therefor shall be made within ten days of its receipt ”. It follows that it would be impossible under such circumstances for appellant to serve a notice of claim under section 3813 thirty days before serving a demand for arbitration, when the demand for arbitration had to be served ten days after the architects’ decision.
To overcome this impossible result, respondent maintains that section 3813 requires that a written verified claim must be served even before presentation of the dispute to the architects, but we simply cannot find any language in the statute that even remotely suggests this requirement. Indeed, such a result would require that the statute be rewritten. Under the contract, appellant is first required to exhaust its remedy before the architects, and until then it has no claim against respondent. If the majority were correct, and the architects in their decision adjusted and modified the claim in various respects, how could a new modified claim be filed 30 days before demand for arbitration when the demand must be served within 10 days after the architects’ decision? As Judge Cabdozo pointed out in Outlet Embroidery Co. v. Derwent Mills (254 N. Y. 179, 183), “If literalness is sheer absurdity, we are to seek some other meaning whereby reason will be instilled and absurdity avoided ”.
The order of the Appellate Division should be reversed and the order of Special Term reinstated, with costs.
*488 Chief Judge Desmond and Judges Burke and Foster concur with Judge Fuld; Judge Froessel dissents in an opinion in which Judge Dye concurs; Judge Van Voorhis dissents and votes to reverse and to reinstate the order of Special Term upon the ground that section 3813 of the Education Law does not apply to this situation.
Order affirmed.