Matthew M. Levy, J.
This is a proceeding brought pursuant to section 10 of the Stock Corporation Law, to require the respondent corporation to permit the petitioner as an alleged stockholder to inspect the books and records of the corporation. The court directed a trial (pursuant to Civ. Prac. Act, § 1295) of certain issues relating to the petitioner’s stock ownership. The respondent has served a notice to take the pretrial depositions of the petitioner (as an adverse party) and of one Arthur Diamond (as a witness), pursuant to sections 288 and 296 of the Civil Practice Act. The petitioner has moved to vacate so much of the notice as seeks to examine the witness before trial.
I see no merit in the objection by the petitioner that the testimony of a witness can not be had in advance of the hearing in a proceeding such as this. The application under section 10 of the Stock Corporation Law is in the nature of a mandamus (Matter of Tate v. Sonotone Corp., 272 App. Div. 103), and is thus a special proceeding within the scope of section 308 of the Civil Practice Act, which expressly provides that testimony may be taken by deposition in a special proceeding as though the proceeding were an action. (See Rules Civ. Prac., rule 121, and Matter of Interocean Mercantile Corp., 207 App. Div. 164, 165.)
In her other objection, the petitioner is, I think, on sound ground — at least in the present posture of the matter. True, the witness, Arthur Diamond, is the husband of the petitioner, and he admittedly participated in her behalf in dealings concerning her stock interest, and is fully acquainted with the matters in issue. But the respondent is not entitled to examine in advance of the hearing every witness for the petitioner. The “ special circumstances ” envisaged by the statute for the taking of a pretrial deposition of a witness (Civ. Prac. Act, § 288) does not mean that whenever the relationship of husband and wife exists between prospective witness and litigant, the adverse party is entitled instantaneously to examine both spouses before trial — even though both may have knowledge as to the matters involved. It has not, in the case at bar, been demonstrated that the information sought by the respondent can not be obtained from the examination of the petitioner *804 herself as an adverse party — scheduled by the same notice now in issue with respect to the witness.
Accordingly, the motion to vacate is granted to the extent moved for, without prejudice to the service of a further notice to examine the witness or to a motion in that behalf, after the completion of the examination of the petitioner.