Matthew M. Levy, J.
This is a stockholder’s derivative action which involves three separate complaints, to wit, a second amended complaint, a supplemental complaint and a second supplemental complaint. Plaintiff verified each such pleading on information and belief except for one allegation in the second amended complaint which she made on knowledge. In an examination of plaintiff before trial, she stated in substance that she had no knowledge of the claimed wrongful acts of defendants as alleged in the various complaints and that the only information she had upon which she based her belief as to these allegations had been supplied to her by her husband, a member of the Bar, who, she said, was acting as her lawyer. When questioned as to the information thus given to her, she asserted the attorney-client privilege. On the instant motion certain defendants seek to examine plaintiff’s husband as a witness on some 40 items set forth in the notice of motion, on the ground that special circumstances exist. (Civ. Prac. Act, § 288.) *435 In an opposing affidavit, plaintiff’s husband states that neither he nor plaintiff seeks to block defendants’ examination of him as a witness, but objects to the broad matters set forth in the notice, and argues that since he has been counsel for plaintiff in this matter, any inquiry should be upon carefully restricted specific items, suggesting that it should be limited to three items set forth in his affidavit. This proposal is not satisfactory to the movants.
It does not clearly appear to me that the examination asked for by defendants will offend any confidence, but that, in any event, is a matter that must be left for determination at the time of and during the taking of the deposition (Berkliff Undergarment Corp. v. Weissman, 277 App. Div. 964). Whether the witness has personal knowledge of the subjects of inquiry must also be left for resolution then. For it is quite obvious that the examination of the witness should be limited to those matters upon which he could properly testify at the trial (see Mutual Life Ins. Co. of N. Y. v. Tailored Woman, 194 Misc. 192, mod. 275 App. Div. 759). And it is also plain that the deposition should be limited to such matters as to which plaintiff, upon her examination, claimed ignorance except as informed by her husband and as to which she claimed privilege (Matter of Diamond [87 Nassau St. Corp.], 1 Misc 2d 802).
The motion is granted accordingly, and the examination will proceed at Special Term, Part II, of this court on April 21, 1958, at 10:30 a.m., unless the parties otherwise stipulate. In the event any of the parties desires the examination to proceed before a referee, resettlement of this order may be duly applied for to that effect. In either case, relevant books, records and papers will be produced for use pursuant to section 296 of the Civil Practice Act.