Saul S. Streit, J.
Motions numbered 9 and 10 of January 8, 1970, are consolidated herewith and disposed of as follows: petitioner Morris Leisner seeks an order in the nature of a writ of mandamus requiring Pell City Estates, Inc., and Kent Investors, Inc., to peremptorily submit all their books, records, papers and contracts, including minute books and stock transfer books, to the inspection of petitioner and his counsel and for an audit of such books, accounts and papers. The written demands for such inspection dated November 10,1969 were served November 19, 1969, on the respective corporations. Section 624 of the Business Corporation Law provides in pertinent part as follows: “(b) Any person who shall have been a shareholder of record of a corporation for at least six months immediately preceding his demand, or any person holding * * * at least five percent of any class of the outstanding shares, upon at least five days’ written demand shall have the right to examine in person or by agent or attorney, during usual business hours, its minutes of the proceedings of its shareholders and record of shareholders and to make extracts therefrom * * * (e) Upon the written request of any person who shall have been a shareholder of record for at least six months immediately preceding his request, or of any person holding # * * at least five percent of any class of the outstanding shares, the corporation shall give or mail to such shareholder an annual balance sheet and profit and loss statement for the preceding fiscal year * # * The corporation shall be allowed a reasonable time to prepare such annual balance sheet and profit *134 and loss statement.” A special proceeding in the nature of mandamus is the procedure whereby the right to inspect corporate books for a proper purpose is enforced (see Matter of Diamond [87 Nassau St. Corp.], 1 Misc 2d 802). Respondents Leon Wolf and Harry Nystad cross-move to dismiss the petition on the principal ground that petitioner possesses no interest in the subject matter thereof. In order to be entitled to examine the minutes of the proceedings of shareholders or to receive an annual balance sheet and profit and loss statement pursuant to demand as delineated in section 624 of the Business Corporation Law, the applicant must be a shareholder of record. Examination of the papers submitted on the instant applications discloses that petitioner and respondents Nystad and Wolf entered into a partnership agreement whereby they engaged in the real estate business. Subsequently respondent Nystad commenced suit in this court to recover various amounts allegedly advanced by him to petitioner. A stipulation, dated October 19, 1968, was entered into between the parties to said action and their counsel whereby, the petitioner assigned as collateral security for the payment of his indebtedness in the amount of $22,500 his entire interest in certain enumerated real properties to the plaintiff, respondent Nystad herein, regardless of the form such interest may take, ‘ ‘ whether it be corporate, stock interest, or otherwise ’ ’. Said stipulation further provides: ‘ ‘ The assignment by the defendant [the petitioner] of interests in these properties is an assignment of shares of stock where the interest is represented by ownership of stock in a corporation ”, Petitioner does not dispute the above but contends that the assignment of stock interest was for security purposes only and that he still retains the stock interest in Pell City Estates, Inc., and Kent Investors, Inc. Petitioner points out that the said stipulation declares that the assignment “ shall not interfere with the right of the [petitioner] to the extent of his exercising the same rights as if the assignment of said collateral were not executed ’ ’. In effect what is clearly intended was a reservation of all rights in the petitioner as if the assignment had not been made. The circumstances herein disclose a partnership operating its business in certain instances by utilization of close corporate entities. This does not appear to be a situation involving third parties who are without knowledge as to fhe terms of the above-mentioned stipulation. Assuming that petitioner is not a stockholder of record, it is clear that he retained the beneficial interest in whatever shares were assigned by virtue of the stipulation.
*135 Note should be taken of subdivision (f) of section 624 of the Business Corporation Law: “ Nothing herein contained shall impair the power of the courts to compel the production for examination of the books and records of a corporation ”. A stockholder or one having the status of a stockholder in addition to the statutory right, has a common-law right to inspect all corporate records and books of account (see Matter of Brentmore Estates v. Hotel Barbizon, 263 App. Div. 389 [1st Dept., 1942]).
Finally it appears that petitioner is an officer and director of the two corporations referred to above. As such he has an absolute right of inspection (Matter of Cohen v. Cocoline Prods., 309 N. Y. 119). Accordingly, in view of all the aforesaid, this court is of the opinion that petitioner is entitled to an inspection of the minutes of proceedings of the shareholders and of the directors and also of the record of shareholders of the said two corporations. Further, said corporations are directed to supply the petitioner with their annual balance sheet and profit and loss statement for the preceding fiscal year, if any, and to permit inspection of their books of account, contracts and correspondence. Provision for the time and place of the directed inspection and examination shall be provided for in the judgment to be settled herein.