19 F.3d 1435
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Roger VANHOOSE, Petitioner-Appellant,
v.
Michael O'DEA, Warden, Respondent-Appellee.
 No. 93-6399.
 United States Court of Appeals, Sixth Circuit.
 March 25, 1994.
 
 Before: JONES, NORRIS, and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Roger Vanhoose, a Kentucky prisoner proceeding without benefit of counsel, appeals a district court order denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Vanhoose was convicted on October 23, 1979, of rape and armed robbery. He was paroled on December 7, 1987. His conditions of parole were that he attend a comprehensive care center or other treatment center and that he was prohibited from associating with convicted felons, possession of firearms, and the use of alcohol.
 
 
 3
 Vanhoose violated the conditions of his parole and was returned to prison. In his petition for habeas relief, he argued that his constitutional rights were violated by the imposition of an unconstitutional condition of parole. The essence of his argument was that conditioning his parole on abstinence from alcohol is a constitutional violation in light of his uncontrollable compulsion to drink.
 
 
 4
 The case was submitted to a magistrate judge who concluded that it was not a violation of petitioner's constitutional rights for the Kentucky Parole Board to require as a condition of parole granted to an alcoholic that he abstain from drinking. The district court adopted the magistrate judge's report and recommendation as the opinion of the court. Vanhoose appealed. On appeal, Vanhoose argues that he was denied due process of law by the district court's failure to order discovery of the file used by the Kentucky State Parole Board in paroling him. Secondly, Vanhoose argues that the district court's factual findings are in error and reasserts that imposing a condition of sobriety on an alcoholic is unconstitutional.
 
 
 5
 Upon review, we find no error. Petitioner's first argument on appeal is that the district court denied him due process of law by denying his discovery motion. The power to regulate discovery practice within the parameters set by the Federal Rules of Civil Procedure is within the sound discretion of the district court. Accordingly, the standard of appellate review is for abuse of discretion. Tarleton v. Meharry Medical College, 717 F.2d 1523, 1535 (6th Cir.1983).
 
 
 6
 The district court did not abuse its discretion. Vanhoose filed a discovery motion before the district court had addressed the arguments contained in respondent's response and supplemental response, including the prayer for dismissal. Therefore, the district court properly denied petitioner's motion as premature, without prejudice to petitioner's right to renew the motion.
 
 
 7
 Petitioner's second allegation of error is that imposing the condition of sobriety on a known alcoholic is cruel and unusual punishment. Vanhoose cites the case of Robinson v. California, 370 U.S. 660 (1962), as support for his argument. Robinson, however, does not support petitioner's theory of criminal responsibility. "The entire thrust of Robinson's interpretation of the Cruel and Unusual Punishment Clause is that criminal penalties may be inflicted only if the accused has committed some act, has engaged in some behavior, which society has an interest in preventing...." Powell v. Texas, 392 U.S. 514, 533 (1968).
 
 
 8
 During his parole period, Vanhoose had, on at least two occasions, been intoxicated, violated curfew, failed to report to his parole officer, and associated with a convicted felon, all in violation of his parole conditions. Despite these violations, Vanhoose's parole was not revoked at that time.
 
 
 9
 On October 30, 1990, police officers and petitioner's parole officer were called to a disturbance in which Vanhoose was involved. The neighbors reported that Vanhoose had threatened them and was inside a trailer home with a gun. When Vanhoose came out of the trailer, he was drunk and had eleven .25 calibre bullets in his pocket. Vanhoose admitted guilt to all cumulative parole violations. On February 22, 1991, petitioner's parole was revoked. We conclude that petitioner's parole was revoked for his "antisocial deeds" and not for the condition of alcoholism. Powell v. Texas, 392 U.S. at 535-36.
 
 
 10
 Accordingly, the district court order denying the petition for a writ of habeas corpus is hereby affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit, for the reasons set forth in the district court's memorandum opinion entered October 13, 1993.