**AMGEN INC., Plaintiff,**

v.

**KIDNEY CENTER OF DELAWARE COUNTY, LTD., Defendant.**

**No. 94 CV 7135.**

United States District Court,
N.D. Illinois,
Eastern Division.

March 22, 1995.

---

Richard J. Prendergast, Joseph E. Tighe, Richard J. Prendergast, Ltd., William J. Harte, William J. Harte, Ltd., Chicago, IL, William M. Shields, Monteverde & Hemphill, Philadelphia, PA, Gerald T. McLaughlin, Cooley, Godward, Castro, Huddleson & Tatum, Palo Alto, CA, for petitioner.

Jeffrey D. Colman, Jenner & Block, Chicago, IL, Michael G. Tierce, Schnader, Harrison, Segal & Lewis, Philadelphia, PA, for respondent.

## MEMORANDUM OPINION AND ORDER

GETTLEMAN, District Judge.

Plaintiff Amgen Inc. and Ortho Pharmaceutical Corp. have been involved in arbitration proceedings in Chicago since 1989. The Honorable Frank J. McGarr, former chief judge of this court, has acted as arbitrator throughout those proceedings. There have been two extended trials, and a third trial is scheduled to commence in May 1995.

In connection with the arbitration proceedings, and as part of the preparation for the scheduled May 1995 trial, Judge McGarr de-

termined that certain documents and information in possession of third persons not parties to the arbitration proceedings were relevant. He issued a subpoena to Kidney Center of Delaware County, Ltd. ("KCDC," the defendant in this action) to produce documents and a representative to testify at a deposition for use in the arbitration. Amgen served KCDC with the subpoena in the same manner as a subpoena under the Federal Rules of Civil Procedure as required by the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq.* KCDC refused to honor the subpoena, and instead submitted objections to Judge McGarr, arguing that the arbitrator did not have authority to issue the subpoena and that the documents sought were confidential. Judge McGarr determined that he did have authority to issue the subpoena under the FAA, and ordered the documents produced pursuant to a protective order.

KCDC again refused to comply, and on September 8, 1994, Amgen filed a motion in the United States District Court for the Eastern District of Pennsylvania (the district in which KCDC is located and where the deposition was to take place) to compel compliance. KCDC opposed the motion on several grounds, including that Amgen had petitioned the wrong court for relief. The court determined that pursuant to Section VII of the FAA, Amgen was required to file its petition for relief in the court in the district in which the arbitrator is located and, therefore, transferred the action to this court.

Amgen has once again moved to compel production. KCDC has opposed, arguing that under the FAA the arbitrator has no authority to subpoena persons who are located outside of the district in which he sits or beyond 100 miles of the site of the arbitration. For the reasons set forth below, the court grants Amgen's motion to compel compliance with the arbitrator's subpoena.

### DISCUSSION

Section VII of the FAA, 9 U.S.C. § 7, provides in part:

The arbitrators selected either as prescribed in this title or otherwise, or a majority of them, may summon in writing any person to attend before them or any of them as a witness in a proper case to bring with him or them any book, record, document, or paper which may be deemed material as evidence in the case. The fees for such attendance shall be the same as the fees for witnesses before masters of the United States courts. Said summons shall issue in the name of the arbitrator or arbitrators, or a majority of them, and shall be signed by the arbitrators, or a majority of them, and shall be directed to the said person and shall be served in the same manner as subpoenas to appear and testify before the court; . . . .

While the statute appears to allow an arbitrator to summon a third person only to testify at trial, as opposed to a pretrial discovery deposition, courts have held (and KCDC has not disputed) that implicit in the power to compel testimony and documents for purpose of a hearing is the lessor power to compel such testimony and documents for purposes prior to hearing. *Meadows Indemnity Co., Ltd. v. Nutmeg Insurance Co.,* 157 F.R.D. 42 (M.D.Tenn.1994) (citing *Stanton v. Paine Webber Jackson & Curtis,* 685 F.Supp. 1241 (S.D.Fla.1988)).

Nor has KCDC argued that it is not subject to a summons [1] because it is not a party to the arbitration, for the statute is specific that *any person* (not just parties) may be so summoned. See, e.g., *Meadows,* 157 F.R.D. at 43. What KCDC does argue, despite the "any person" language, is that there is a territorial limitation to the arbitrator's power to summon any person before him.

In contrast, Amgen argues that "any person" means just what it says, and relies upon that language in arguing that this court should determine that Judge McGarr's subpoena is enforceable and compel KCDC to produce the documents and attend the deposition. According to Amgen, the plain language of the statute is clear: "any person" may be summoned. The statute, according to Amgen, clearly contains no territorial limits on the scope of an arbitrator's authority

---

**1.** It appears for purposes of applying the FAA that the term "summons" is used to refer to what should be referred to as a "subpoena" under the Federal Rules of Civil Procedure.

to summon third parties to appear and provide evidence at arbitration or in pretrial discovery.[2] Amgen maintains that any territorial limitation would have to be implied, which would be improper given the clarity and the plain wording of the statute. *See Estate of Cowser v. Commissioner of Internal Revenue*, 736 F.2d 1168, 1171 (7th Cir. 1984).

In response, KCDC argues that the subpoena issued by Judge McGarr is void *ab initio* because he lacked power to issue it. Specifically, KCDC argues that an arbitrator's subpoena power reaches only as far as the subpoena power of the district court in which the arbitration is pending. Because a federal district court's subpoena power encompasses only the district in which the court sits or extends 100 miles from the courthouse, Fed.R.Civ.P. 45, KCDC argues that an arbitrator may compel only the attendance of witnesses (and the attendant production of documents) found within the district in which the arbitration is being conducted, or within 100 miles of the site of the arbitration proceeding. To support this argument, KCDC cites *Commercial Solvents Corp. v. Louisiana Liquid Fertilizer Co.*, 20 F.R.D. 359, 362–63 (S.D.N.Y.1957).

*Commercial Solvents*, however, did not hold that arbitrators could not compel the attendance of witnesses who are not within the district or within 100 miles of the place of the hearing; it merely suggested that "perhaps" they could not. *Id.* at 362–63. The holding in *Commercial Solvents* was that for matters of procedure relating to hearings before arbitrators, the court refers not to the Federal Rules of Civil Procedure, but to the rules pursuant to which the parties had agreed to arbitrate. *Id.* In the instant case, however, the parties have agreed to arbitrate pursuant to the Federal Rules of Civil Procedure and, therefore, *Commercial Solvents* is of little guidance.

In this court's view, the issue is not whether the arbitrator has the power to issue the subpoena in question, for the statute is specific in stating that the arbitrator may summon any person. There is no territorial limitation on that ability. The issue is how (or perhaps if) that subpoena can be enforced.

Couched in these terms, the issue, as far as this court can ascertain, is novel. Aside from the District Court for the Eastern District of Pennsylvania which transferred the case here, and a Florida court in a companion matter[3] this court is aware of no cases which have dealt directly with this particular issue. The court writes, therefore, with a clean slate, but not without guidance.

Interpretation of any statute begins with the language of the statute itself. If the wording is unambiguous, the court must enforce the congressional intent embodied by the statute. *Capitol Leasing Co. v. F.D.I.C.*, 999 F.2d 188 (7th Cir.1993). The procedure for enforcement of an arbitrator's subpoena is also set forth in Section VII of the FAA, 9 U.S.C. § 7, which provides in relevant part:

> [If] any person or persons so summoned to testify shall refuse or neglect to obey such summons, upon petition to the United States District Court for the district in which such arbitrators, or a majority of them, are sitting may compel the attendance of such person or persons before said arbitrator or arbitrators, or punish said person or persons for contempt in the same manner provided by law for securing the attendance of witnesses or their punishment for neglect or refusal to attend in the courts of the United States.

Thus, it is clear, as the Florida and Pennsylvania courts held, that any petition to enforce the subpoena must be brought to this court, because the arbitrator is located in Chicago. Under the statute this court may compel KCDC's attendance (or punish

---

**2.** Ortho and Amgen have agreed to arbitrate pursuant to the Federal Rules of Civil Procedure and, therefore, have agreed to the liberal discovery allowed under those rules.

**3.** The arbitrator also issued a summons to IV–One Service, a company located in the Middle District of Florida. IV–One Service also challenged the summons and the Florida district court, taking its cue from the Pennsylvania court, also held that only this court can enforce the arbitrator's summons. Thus, the district court in Florida did not reach the present issue.

KCDC for failure to attend) in the same manner that it would secure the attendance of any witness in this court. *Id.* The problem arises because of the difference in the way the Federal Rules provide for the issuance of subpoenas for depositions and for trial. Under Fed.R.Civ.P. 45(a)(2), a subpoena commanding attendance at trial shall issue from the court for the district in which the trial is to be held, while a subpoena for attendance at a deposition shall issue from the court for the district designated by the notice of deposition as the district in which the deposition is to be taken.

In the instant case, the deposition is to be taken in the Eastern District of Pennsylvania. That court, however, correctly refused to issue a subpoena because under Section VII of the FAA only this court can determine the enforceability of the arbitrator's subpoena. KCDC argues that because of the incompatibility of the wording of Section VII of the FAA and Fed.R.Civ.P. 45, it simply is not subject to the subpoena power of the arbitrator at all. In essence, it argues that a gap in the law exists, and that it has slipped through that gap. Thus, under KCDC's view, only this court can enforce the arbitrator's subpoena, but this court cannot compel KCDC to attend depositions scheduled in the Eastern District of Pennsylvania.

Amgen, on the other hand, argues that the territorial limits of a district court's subpoena do not apply to an arbitrator's subpoena. Amgen suggests that a witness who refuses to comply with an arbitrator's summons or subpoena can and must be brought before the court in the district in which the arbitration is pending, regardless of where the witness resides. Amgen does not explain how this Court can accomplish that feat, however, when its subpoena power is subject to the territorial limits of Fed.R.Civ.P. 45(b)(2), which provides that a subpoena "may be served at any place within the district of the court by which it is issued, or any place without the district that is within 100 miles of the place where the trial ... is to take place."

■ The court disagrees with both parties' positions. KCDC's argument is unavailing because it leaves a gap in the law, which

is contrary to Congressional intent, and unnecessary. By definition, the FAA applies only to actions involving interstate commerce, 9 U.S.C. § 2; indeed, the Act itself is based on congressional power to regulate interstate commerce. *Seymour v. Gloria Jean's Coffee Bean Franchising Corp.,* 732 F.Supp. 988 (D.Minn.1990). By enacting the FAA, Congress declared a national policy favoring arbitration. *Perry v. Thomas,* 482 U.S. 483, 107 S.Ct. 2520, 96 L.Ed.2d 426 (1987). The arbitration of any action affecting interstate commerce is likely to involve parties and witnesses located in more than one district or state. To find that the wording of the FAA precludes issuance and enforcement of an arbitrator's subpoena of a witness outside the district in which he or she sits, particularly where, as here, such discovery is agreed upon by the parties to the arbitration, would likely lead to rejection of arbitration clauses altogether. That would be contrary to the intent of Congress in enacting a national policy favoring arbitration.

■ Amgen's position is equally unavailing. It suggests that Section VII of the FAA gives the court the power to order any person, no matter where he or she may be located or resides, to appear before the arbitrator (or at least appear for a deposition), but, once again, although the Act allows the arbitrator to subpoena anyone, it also provides that this court may enforce the arbitrator's subpoena only in the same manner that it would compel attendance before the court. This, of course, is done according to Fed. R.Civ.P. 45, which does not provide the court with any extraterritorial power. Rule 45 does provide that "[w]hen a statute of the United States provides therefor, the court, upon proper application and cause shown, may authorize the service of a subpoena at any other place," but those statutes providing for extraterritorial service do so explicitly. For example, the Commerce and Trade Act provides:

> "In any suit, action or proceeding brought by or on behalf of the United States subpoenas for witnesses who are required to attend a court of the United States in any judicial district in any case,

civil or criminal, arising out of the antitrust laws may run into any other district; Provided, that in civil cases no writ of subpoena shall issue for witnesses living out of the district in which the court is held at a greater distance than 100 miles from the place of holding the same without the permission of the trial court being first had upon proper application and cause shown." 15 U.S.C. § 23 (1914); *see* also the Veteran's Benefits Act, 38 U.S.C. § 1984(c). The FAA contains no such provision and, therefore, the court concludes that Section VII does not provide for extraterritorial service or extraterritorial enforcement.

■ Having rejected both parties' positions, the court nonetheless concludes that the arbitrator's subpoena is both valid and enforceable. Ortho and Amgen agreed to arbitrate their dispute pursuant to the Federal Rules of Civil Procedure. By so doing, they agreed to the liberal discovery allowed by those rules, and agreed that Judge McGarr in essence would act as and with the power of a judge applying those rules. Those rules (which were adopted well after the enactment of the FAA) contemplate and provide both for a mechanism for nationwide discovery, and preserving the testimony of witnesses unavailable at trial because they are outside the district, by use of evidence depositions.

Under Fed.R.Civ.P. 45(a)(3)(B), an attorney authorized to practice in the court in which the trial is being held may issue and sign a subpoena on behalf of a court for a district in which a deposition or production is to take place. The subpoena has the case name and number of the case pending before the court where trial is to take place. It is enforced, however, by the district court for the district in which the deposition is to take place. That is precisely what Amgen attempted to do when it petitioned the court in the Eastern District of Pennsylvania for enforcement. That court, because of the wording of the FAA, could not enforce an arbitrator's subpoena. It can, however, enforce a subpoena issued by Amgen's attorney with the name and number of a case pending before this court. Because this court concludes that the arbitrator's subpoena is en-

forceable, it directs Amgen's attorney to issue a subpoena to KCDC under this case name and number as set forth in Fed. R.Civ.P. 45(a)(3)(B).

### CONCLUSION

The court concludes that the arbitrator's subpoena is valid and enforceable in the manner set forth above. Amgen's motion to compel compliance is, therefore, granted. This case will remain pending until KCDC has complied with the subpoena. The parties are directed to inform the court when that has been accomplished.