LIBERTY SECURITIES CORPORATION, Plaintiff,

v.

Evelyn J. FETCHO, Defendant.

No. 99–8355–CIV.

United States District Court, S.D. Florida, West Palm Beach.

Sept. 13, 2000.

Mary Leslie Smith, Buchanan Ingersoll, Miami, FL, for Plaintiff.

Stephen Craig Krosschell, Goodman & Nekvasil, Clearwater, FL, for Defendant.

## ORDER

K. MICHAEL MOORE, District Judge.

THIS CAUSE came before the Court upon Plaintiff's Motion to Vacate Arbitration Award (DE # 1 ) and Defendant's Motion to Confirm Arbitration Award (DE # 13 ).

UPON CONSIDERATION of the Motions and the pertinent portions of the record, and being otherwise fully advised in the premises, the Court enters the following Order.

## BACKGROUND

Claimant, Evelyn Fetcho, ("Defendant") alleged that Respondent Liberty Securities Corporation ("Plaintiff"), acting through Thomas Piechowicz ("Piechowicz") recommended that Defendant invest in unregistered debenture bonds and collateral trust bonds issued by C'est Lestial Waters, Inc. ("CWI"). Defendant alleged that Plaintiff, acting through its agent, Piechowicz, falsely represented to Defendant that the bonds were conservative safe investments. Defendant claims that Piechowicz made false representations about the recom-

mended bonds, in which she invested $125,000.00, and that he failed to make material disclosures to her, particularly relating to the Securities Exchange Commission-issued cease and desist order against Piechowicz for the sale of these bonds. Defendant brought a series of claims against Liberty, predicated on federal securities laws, the Florida Securities and Investor Protection Act ("the Act"), the Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL), and common law fraud, negligence, and breach of fiduciary duty. Defendant alleged that Liberty was responsible for the actions of Piechowicz under doctrines of respondeat superior, apparent authority, and inherent agency power, and that Plaintiff was a controlling person under the Act.

Plaintiff defended that it could not be vicariously liable for Piechowicz because he lacked actual or apparent authority to sell the bonds, and that Fetcho did not justifiably rely on any such authority. Plaintiff further alleged that Defendant's claims under Chapter 517 of the Act were barred by the applicable two-year statute of limitations; that her claim under the UTPCPL lacked merit because she was not residing in Pennsylvania at the time of the purchase; and that the parties did not have the "buyer-seller" relationship required by the UTPCPL. Finally, while Plaintiff acknowledged that it owes a duty to its customers to oversee its brokers activities, it defended that its connection to the Defendant here was too attenuated to impose such a duty to protect Defendant.

On April 8, 1999, the NASD Arbitration Panel entered an award for the Defendant in the sum of $125,000.00 as compensatory damages, with interest from date of entry to payment, and reimbursement of costs and filing fees, for a total award of $133,733.00. The Panel further found that the Plaintiff had violated Section 517.211 of the Act, entitling the Defendant to attorney's fees, to be determined in a subsequent action by a court of competent jurisdiction. The Panel denied Defendant's claim for punitive damages.

## DISCUSSION

■ Judicial review of an arbitration is extremely limited, and courts should vacate an award only for the reasons set forth in Section 10 of the Arbitration Act. *See* 9 U.S.C. § 10(a) (1988). Courts should not review the merits of an award even if parties claim that it rests on errors of law or fact. *See Board of County Comm'rs v. L. Robert Kimball & Assoc.*, 860 F.2d 683, 685 (6th Cir.1988).

Plaintiff asserts four grounds for vacating the arbitration award: (1) it was procured by undue means; (2) the arbitrators were guilty of misconduct in refusing to postpone the hearing; (3) the arbitrators exceeded their powers; (4) a mutual, final and definite award upon the subject matter was not made, or alternatively, that the award was made in manifest disregard of the law.

### 1. Undue Means

Plaintiff alleges that the award was procured by "undue means" in violation of Section 10(a) of the Federal Arbitration Act ("FAA"). *See* 9 U.S.C. § 10(a)(1) (1988) (award may be vacated where "procured by corruption, fraud or undue means."). Specifically, Plaintiff asserts that the Defendant improperly introduced a business card that attributes Piechowicz as an employee of Plaintiff Liberty and that Defendant intentionally mislead the Panel as to how she had received the card.

■ The term "undue means" must be read in conjunction with the words "fraud" and "corruption" and thus requires proof of intentional misconduct. *See Paine-Webber Group, Inc. v. Zinsmeyer Trusts Partnership*, 187 F.3d 988, 991 (8th Cir. 1999) (citing *Drayer v. Krasner*, 572 F.2d 348, 352 (2d Cir.1978)). Undue means, warranting a vacatur of award, include measures equal in gravity to bribery, corruption, or physical threat to an arbitrator; "no court has ever suggested that the term 'undue means' should be interpreted to apply to the submission of evidence that is

merely legally objectionable." *American Postal Workers Union, AFL–CIO v. United States Postal Service,* 52 F.3d 359, 362 (D.C.Cir.1995).

■ The Eleventh Circuit follows a three-part test to determine whether an arbitration award has been obtained by fraud or undue means: (1) Plaintiff must produce clear and convincing evidence (2) of fraud that was undiscoverable through the exercise of due diligence at arbitration (3) which materially related to an issue in the arbitration. *See Bonar v. Dean Witter Reynolds, Inc.,* 835 F.2d 1378, 1383 (11th Cir.1988).

■ Plaintiff characterizes the misconduct as a statement in Defendant's Pre-Hearing Brief that she had received a Liberty card; counsel's attempt to authenticate the card; counsel's representation throughout the hearing that she had received a card; and counsel's explanation of this conduct. *See* Liberty's Reply and Response and Memorandum of Law in Support of its Motion to Vacate Arbitration Award at 4. None of this conduct was unknown to the Arbitrators; in fact, Plaintiff quotes extensively from the Transcript relevant discussion between the parties and the Panel on this issue. Nowhere does Plaintiff allege any newly discovered undue means or fraud by the Defendant. Vacatur is precluded where the arbitrators had before them all material information relating to the alleged undue means. *See Scott v. Prudential Securities, Inc.,* 141 F.3d 1007, 1015 n. 16. The Panel had the opportunity to consider all of the above allegations of misconduct and apparently did so.

### 2. Refusal to Postpone Hearing

■ Plaintiff next argues that it was so prejudiced by the denial of its request to postpone the hearing that the award must be vacated. *See* 9 U.S.C. § 10(a)(3) (1988) (permitting the district court to vacate an award "[w]here the arbitrators were guilty of misconduct in refusing to postpone the hearing"). This court disagrees. An award may be vacated on this ground only if Plaintiff can show that no reasonable ground existed for the denial. *See Schmidt v. Finberg,* 942 F.2d 1571, 1574 (11th Cir.1991); *Intercity Company Establishment v. Ahto,* 13 F.Supp.2d 253, 261 (D.Conn.1998) (noting that vacatur is appropriate only if the arbitrator's refusal to grant a postponement amounted to a denial of fundamental fairness of the proceeding). The Panel expressed its concern that delay would inconvenience the parties as well as its satisfaction that Plaintiff's counsel could adequately prepare in the remaining month before trial. *See* Defendant's Memorandum of Law in Support of her Motion to Confirm Arbitration Award at 9 ("Defendant's Memorandum"). Under these circumstances, this Court will not vacate the award.

### 3. Arbitrators Exceeded Their Powers

■ Plaintiff asserts that the arbitrators exceeded their powers by issuing a subpoena for Piechowicz, a Pennsylvania resident, to appear at the hearing in Florida. *See* 9 U.S.C. § 10(a)(4) (permitting vacatur where "the arbitrators exceeded their powers"). Plaintiff relies on *Amgen Inc. v. Kidney Center of Delaware County, Ltd.,* 879 F.Supp. 878 (N.D.Ill.1995), for the proposition that "Section VII does not provide for extraterritorial service or extraterritorial enforcement." *Id.* at 883. From this Plaintiff infers that by issuing the extraterritorial subpoena the arbitrators exceeded their powers. However, the *Amgen* court noted that the FAA specifically allows the arbitrator to subpoena anyone; the court there confronted the issue of how—if at all—an extraterritorial subpoena can be enforced. *Id.* at 881.

■ A determination that the arbitrators exceeded their powers depends on whether they decided a dispute over which they had no jurisdiction, or granted an award that is prohibited by law. *See Aetna Casualty & Surety Co. v. Deitrich,* 803 F.Supp. 1032, 1039 (M.D.Pa.1992); *J.A. Jones Construction Co. v. Flakt, Inc.,* 731 F.Supp. 1061, 1064 (N.D.Ga.1990) (noting

that a court may not vacate an award based on the outcome of a particular legal decision but rather on whether the parties submitted the question for decision at all). The parties argued the question of issuance of a subpoena for Piechowicz's appearance at trial; Plaintiff in fact raised the issue by requesting that the Panel allow Piechowicz to be deposed rather than appear live for the hearing. The arbitrators did not exceed their powers by considering and deciding to direct Plaintiff to subpoena Piechowicz for the hearing.

4. Definite Award and Manifest Disregard for the Law

■ Plaintiff further alleges that the Panel failed to render a definite award because its award only makes reference to one section of the Act, Section 517.211, which provides for remedies but does not proscribe conduct. *See* 9 U.S.C. § 10(a)(4) (permitting vacatur where the arbitrators "so imperfectly executed [their powers] that a mutual, final, and definite award upon the subject matter submitted was not made."). Thus, Plaintiff asserts, by finding that Liberty had only violated Section 517.211, the Panel failed to render a decision with regard to the claims actually submitted by the Defendant. However, as Plaintiff acknowledges, the Panel is not required to explain their reasons for an award. *See Montes v. Shearson Lehman Bros., Inc.,* 128 F.3d 1456, 1462 n. 8 (11th Cir.1997). Defendant here requested that the Panel include the specific reference to Section 517.211 to preserve her right to attorney's fees in a subsequent proceeding. Further, the language of the award makes no reference to the underlying theory upon which the Panel found liability. *See Defendant's Memorandum,* exh.A ("Respondent is liable and shall pay to the Claimant the sum of $125,000.00 as compensatory damages.").

■ Alternatively, Plaintiff alleges that the award was made in manifest disregard for the law because, Plaintiff asserts, the Defendant failed to show privity between the parties as required for Chapter 517 liability. An arbitration award may be vacated if there is a clear showing from the record that the arbitrators knew the law and expressly disregarded it. *See Montes v. Shearson Lehman Bros., Inc.,* 128 F.3d 1456, 1461 (11th Cir.1997). This judicially created ground for vacating an arbitration award has been limited to circumstances where the record does indicate that the Panel was encouraged to disregard the law but does not show that the Panel rejected such a plea. *See Brown v. ITT Consumer Financial Corp.,* 211 F.3d 1217, 1223 (11th Cir.2000); *Scott v. Prudential Securities, Inc.* 141 F.3d 1007, 1017 (11th Cir.1998). In *Montes,* the Eleventh Circuit found that one of the parties conceded that the law did not support his position, but nevertheless asked the Panel to ignore the law and enter an award in his favor. *Montes,* 128 F.3d at 1461. In contrast, Plaintiff highlights part of the record where the Panel questioned Defendant's counsel on his assertion that Chapter 517 imposed strict liability. *See* Plaintiff's Memorandum of Law in Support of Motion to Vacate Award at 16–17. Counsel corrected himself and noted that the Defendant's claim required a showing of privity. While Plaintiff correctly notes that this exchange shows that the Panel was aware of the applicable law, Plaintiff has offered no evidence that Defendant's counsel encouraged the Panel to disregard the law. Plaintiff relies on the outcome of the arbitration as proof that the Panel ignored the law; the *Montes* court warned that "there must be some showing in the record, other than the result obtained, that the arbitrators knew the law and expressly disregarded it." *Id.* at 1461 (*quoting O.R. Sec. v. Professional Planning Assoc.,* 857 F.2d 742, 747 (11th Cir.1988)). Plaintiff has asked this Court to re-examine the sufficiency of Defendant's proffered evidence and challenge the Panel's evaluation thereof. Absent some showing that the Panel was asked to overlook the law, this Court will not reconsider the sufficiency of Defendant's case.

For the foregoing reasons, it is

ORDERED AND ADJUDGED as follows:

1) Plaintiff's Motion is DENIED.

2) Defendant's Motion is GRANTED. The Arbitration award dated April 8, 1999, is CONFIRMED.

3) The case is CLOSED. The Court reserves jurisdiction to award attorney's fees, if any, to Defendant. Defendant shall submit a proposed order and affidavit demonstrating entitlement to attorney's fees on or before October 2, 2000.

4) Defendant is hereby awarded the sum of $133,733.00, plus interest accruing at the statutory rate.

LET EXECUTION ISSUE. The Clerk of the Court is directed to mark this case CLOSED. All pending motions not otherwise ruled upon are DENIED AS MOOT.