### Maurice A. DONAHOO, Plaintiff,

v.

### OHIO DEPT. OF YOUTH SERVICES, Defendant.

#### No. 5:01CV1137.

United States District Court,
N.D. Ohio,
Eastern Division.

March 1, 2002.

F. Benjamin Riek, III, Riek & Associates, Cleveland, OH, for Plaintiff.

Michael C. McPhillips, Robert L. Griffin, Office of Attorney General, State of Ohio, Columbus, OH, for Defendant.

## *ORDER*

LIMBERT, United States Magistrate Judge.

On August 28, 2001 Plaintiff Maurice A. Donahoo (Plaintiff) filed an amended complaint against Defendant Ohio Department of Youth Services (Defendant) alleging, *inter alia,* race discrimination and retaliation. *See* ECF Dkt. # 17.[1] In his amended complaint, Plaintiff explains that he has been employed

1. Prior to Plaintiff amending his complaint, the parties consented to the jurisdiction of the under-signed on June 21, 2001. *See* ECF Dkt. # 8.

in various positions with Defendant at its Indian River Boys School for twenty three years. *See id.* at ¶ 7. Plaintiff, an African–American, avers that Defendant has failed to promote him to the position of Deputy Superintendent on several occasions due to his race, the most recent occasion occurring in February 2000. *See id.* at ¶ 8.

In his amended complaint, Plaintiff also explains that he responded to Defendant's alleged conduct by filing an internal discrimination charge with the Department of Administrative Services (DOAS) and a charge of race discrimination with the Equal Employment Opportunity Commission (EEOC). *See* ECF Dkt. # 17 at ¶¶ 14, 15. The EEOC conducted an investigation and found probable cause to believe that Defendant had violated Title VII of the Civil Rights Act of 1964. *See id.* at ¶ 16. Plaintiff also contends that Defendant retaliated against him after he filed charges with the DOAS and EEOC. *See id.* at ¶¶ 40–53. Specifically, after returning from disability leave, Plaintiff avers that Defendant ignored Plaintiff's therapist's work restrictions and assigned him overtime. *See id.* at ¶ 49.

On September 10, 2001 Defendant filed an answer generally denying Plaintiff's claims of race discrimination and retaliation. *See* ECF Dkt. # 19. At a January 18, 2002 status hearing, the Court, pursuant to the parties' agreement, reset the discovery deadline to February 28, 2002, the dispositive motion deadline to March 28, 2002, the final pretrial to August 28, 2002 at 1:30 p.m., and the jury trial to September 17, 2002 at 8:00 a.m. *See* ECF Dkt. # 20.

On February 27, 2002, the day before discovery ceased, Defendant filed a motion to quash three subpoenas in the instant case. *See* ECF Dkt. # 22. The Court conducted a telephone conference the following day in an attempt to resolve the dispute. *See id.* Attorney F. Benjamin Riek, III appeared on behalf of the Plaintiff, while Attorneys Robert L. Griffin and Michael C. McPhillips appeared on behalf of Defendant.

In its motion, Defendant attempts to quash subpoenas served upon non-party witnesses Robert J. Dugan, William Dallman, and Jaquilla Bass. *See* ECF Dkt. # 22.[2] Defendant raises three grounds to support its attempt to quash these subpoenas. *See id.* at 1. First, Defendant argues that the testimony of these witnesses is not relevant. *See id.* Second, Defendant contends that the subpoenas are invalid on their face because they were issued by the Northern District of Ohio, not the Southern District of Ohio. *See id.* More specifically, Defendant states that Plaintiff's counsel merely typed in the word "Southern" into the heading of the subpoena while retaining the Northern District of Ohio case number. *See id.* Defendant also averred at the telephone conference that Plaintiff's counsel cannot issue subpoenas himself in the Southern District, but instead must open a miscellaneous case file in the Southern District of Ohio in order to properly subpoena these three witnesses under the Federal Rules of Civil Procedure. Third, Defendant protests the validity of these subpoenas because they purportedly do not allow for a reasonable time for compliance. *See* ECF Dkt. # 22 at 1.

The Court addresses Defendant's contentions one after another. First, in regards to the relevancy of the deposition testimony of the three nonparty witnesses, the Court reminds the parties that Rule 26(b)(1) of the Federal Rules of Civil Procedure permits parties to obtain discovery on

any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. *Rel-*

---

**2.** On February 21, 2002 Robert Dugan of Cincinnati, Ohio received a subpoena from Plaintiff's counsel in the instant case commanding his presence at a deposition in Cincinnati, Ohio on February 27, 2002. *See* ECF Dkt. # 22 at 1. On February 25, 2002 William Dallman of Lebanon, Ohio received a subpoena from Plaintiff's counsel in the instant case commanding his presence at a deposition in Cincinnati, Ohio on February 28, 2002. *See id.* Lastly, Plaintiff's counsel had attempted to serve a subpoena upon Jacquilla Bass for a deposition in Columbus, Ohio. *See id.*

*evant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.*

FED. R. CIV. P. 26(b)(1)(emphasis added). The Court finds that the deposition testimony of the three nonparty witnesses constitutes relevant information for the purposes of discovery in the instant case. Plaintiff alleges that Defendant failed to promote him due to his race, and then retaliated against him when he filed administrative discrimination complaints. *See* ECF Dkt. # 17. Plaintiff maintained at the telephone conference that the three nonparty witnesses at issue, which include at least one former officer at the youth center, will provide testimony regarding the Defendant's hiring practices. Clearly, proposed testimony regarding the hiring practices of Defendant appears reasonably calculated to lead to discovery of admissible evidence in an underlying failure to promote case. The Court agrees with Plaintiff that the deposition testimony of the three nonparty witnesses at issues is reasonably calculated to lead to the discovery of admissible evidence, and thus is discoverable.

Second, Defendant attacks the method in which Plaintiff's counsel filled out the subpoenas at issue. Defendant argues that the subpoenas are invalid on their face because they were not issued out of the Federal Court in the Southern District of Ohio, the District in which the depositions were to occur. *See* ECF Dkt. # 22 at 1. The Court disagrees with Defendant. An examination of the face of the subpoenas reveals that the subpoenas were in fact issued by Plaintiff's counsel on behalf of the Southern District of Ohio. *See* ECF Dkt. # 22, exhibits A, C(subpoenas clearly state at top, "Issued by the United States District Court, *Southern District of Ohio* ")(emphasis added).

Further, Plaintiff's counsel typed in the parties' names and the case number of the instant case under the issuing court's name, *i.e.* the Southern District of Ohio. *See id.* Plaintiff's counsel also placed this Court's name "Northern District of Ohio", in parentheticals, under the Case Number. *See id.*

Plaintiff's counsel clearly followed the directions provided at the bottom of the subpoena form which state, "If action is pending in district other than district of issuance, state district under case number." *See id.* Thus, the Court finds that Plaintiff's counsel properly followed the directions provided for completing the subpoenas at issue.

■ Defendant also avers that Plaintiff's counsel, by himself, cannot issue a valid subpoena out of the Southern District of Ohio. *See* ECF Dkt. # 22 at 1. Defendant maintained at the telephone conference that Rule 45 of Federal Rules of Civil Procedure requires Plaintiff's counsel to open a miscellaneous case file in the Southern District of Ohio in order to properly issue and serve these subpoenas. The Court again finds that Defendant's argument lacks merit.

Rule 45(a)(3)(B) of the Federal Rules of Civil Procedure provides that:

(a) Form; Issuance.

\* \* \* \* \* \*

(3) The clerk shall issue a subpoena, signed but otherwise in blank, to a party requesting it, who shall complete it before service. *An attorney as officer of the court may also issue and sign a subpoena on behalf of*

(A) a court in which the attorney is authorized to practice; or

(B) *a court for a district in which a deposition or production is compelled by the subpoena, if the deposition or production pertains to an action pending in a court in which the attorney is authorized to practice.*

FED. R. CIV. P. 45(a)(3)(b) (emphasis added). The plain language of the emphasized portion of the rule provides that an attorney can issue and sign a subpoena on behalf of the court in which the deposition is set to occur, if the deposition pertains to the instant case, and the attorney is authorized to practice in the court where the instant case is pending. *See id.* This provision clearly authorizes Plaintiff's counsel, as a duly licensed attorney in the Northern District of Ohio [3], to issue a

---

**3.** An ICMS attorney bar information query reveals that Plaintiff's counsel, F. Benjamin Rick,

III was admitted to the Northern District of

subpoena on behalf of the Southern District of Ohio if the depositions pertain to the instant case and are set to occur in the Southern District of Ohio.

Federal courts and treatises have interpreted FED. R. CIV. P. 45(a)(3)(b) in the same manner as this Court. Attorneys may issue subpoenas for Courts in the district where the subpoena compels a deposition, if that deposition pertains to an action pending in a court where the attorney is authorized to practice. *See* 9 Moore's Federal Practice § 45.03[3], p. 45–22(3d ed.2000). Therefore, if an attorney to an action in one district needs to subpoena a witness for a deposition in another district, the attorney may issue the subpoena on behalf of the latter court even though the attorney is not authorized to practice in that court. *See id.* (citation omitted).

Under Fed.R.Civ.P. 45(a)(3)(B), an attorney authorized to practice in the court in which the trial is being held may issue and sign a subpoena on behalf of a court for a district in which a deposition or production is to take place. *See Amgen Inc. v. Kidney Center of Delaware County, Ltd.,* 879 F.Supp. 878, 883 (N.D.Ill.1995). The Northern District of Illinois noted that the subpoena has the case name and number of the case pending before the court where trial is to take place, and that it is enforced, however, by the district court for the district in which the deposition is to take place. *See id.* A federal court, facing virtually the same issue as this Court, held that Fed.R.Civ.P. 45(a)(3)(B) permitted an attorney, who was authorized to practice in the Southern District of Georgia, to issue and sign a subpoena on behalf of the Eastern District of Pennsylvania since the deposition was set to occur in the Eastern District of Pennsylvania, and the deposition pertained to an action pending in the Southern District of Georgia. *See Kupritz v. Savannah College of Art & Design,* 155 F.R.D. 84, 87 (E.D.Pa.1994). Thus, based upon the plain language of Fed. R.Civ.P. 45(a)(3)(B) and other persuasive authority, the Court agrees with Plaintiff and finds that the subpoenas in the *case subjudice* were validly issued on behalf of the

Southern District of Ohio by Plaintiff's counsel. *See* ECF Dkt. # 22, exhibits A, C.

■ Third, Defendant contends the subpoenas at issue did not allow for a reasonable time for compliance. *See* ECF Dkt. # 22 at 1. The Court agrees with Defendant that these subpoenas in fact did not provide for a reasonable time for compliance. Deponents Robert J. Dugan and William Dallman were served within one week of their deposition dates. *See* fn. 2, *supra.* Fed.R.Civ.P. 45(c)(2)(B) sets a reasonable time as fourteen days after service of the subpoena. For this reason, the Court finds that subpoenas at issue did not allow for a reasonable time for compliance.

■ Nevertheless, even though the Court finds that the subpoenas at issue did not allow for a reasonable time for compliance, the Court DENIES Defendant's Motion to Quash because Defendant does not have standing to challenge the subpoenas issued to and served upon the three nonparty witnesses. The law is clear, absent a claim of privilege, a party has no standing to challenge a subpoena to a nonparty. *See Clayton Brokerage Co., Inc. of St. Louis v. Clement,* 87 F.R.D. 569, 571 (D.C.Md.1980) (citation omitted). The party to whom the subpoena is directed is the only party with standing to oppose it. *See U.S. v. Tomison,* 969 F.Supp. 587, 591–592 (E.D.Cal.1997). Thus, Defendant Ohio Department of Youth Services, a party, does not have standing to challenge the subpoenas served upon the three nonparty witnesses in the instant case, and for that reason Defendant's motion to Quash is without merit. *See* ECF Dkt. # 22.

At the telephone conference the Court also addressed two other issues. The Court reminds the parties the power to regulate the discovery practice within the parameters set by the Federal Rules of Civil Procedure is within the sound discretion of the district court. *See Vanhoose v. O'Dea,* 19 F.3d 1435, 1994 WL 102959, *1, No. 93–6399 (6th Cir. March 25, 1994), unpublished. Based upon the parties difficulties in arranging for these depositions, and the fact that the final pre-

Ohio's Bar on June 18, 1980 and his Bar status is currently active.

trial and trial dates will remain unchanged, the Court ORDERS that the discovery deadline is hereby extended to April 1, 2002. The deadline for filing dispositive motions is extended to April 30, 2002. Counsel are directed to follow the briefing schedule set forth at Local Rule 7.1(e) and (f) for dispositive motions. That is, each party shall serve and file a memorandum in opposition to a dispositive motion within ten (10) days after service of the motion, excluding intermediate Saturdays, Sundays, and legal holidays. The moving party may serve and file a reply memorandum in support of its motion within five (5) days after service of the memorandum in opposition, excluding intermediate Saturdays, Sundays, and legal holidays. Pursuant to Fed.R.Civ.P. 6(c), three (3) days shall be added to the prescribed period if service is by mail. No surreplies will be permitted, absent advance leave of Court. The Court also hereby schedules a status hearing for April 2, 2002 at 1:30 p.m., with counsel and parties present.

Lastly, Defendant pointed out that Plaintiff has failed to make a settlement demand in the instant case. The Court hereby ORDERS Plaintiff to provide a verified computation of any category of damages claimed by Plaintiff, and to make a settlement demand. Plaintiff shall serve a verified computation of damages and a settlement demand on Defendant no later than April 1, 2002. Also, pursuant to Fed.R.Civ.P. 26(a)(1)(C), the Court further ORDERS Plaintiff to make available for inspection and copying any documents or other evidentiary material, not privileged or protected from disclosure, on which such computation or settlement demand is based, including materials bearing on the nature and extent of injuries suffered.

IT IS SO ORDERED.

